## SAMUEL KATZ vs. ROBERT MOORE and Others.

A court of equity will not interfere to restrain execution of a judgment at law, upon the ground that the defendant had been discharged under the insolvent laws prior to its rendition, and that it was not entered subject to such discharge.

The discharge of a party under the insolvent laws releases him from *legal* liability to pay his debts, yet the moral obligation remains, and is a sufficient consideration for a new promise to pay them, and fully sustains unconditional judgments against him.

If, through fraud, accident or mistake, a judgment is entered against a party for an amount, or in terms, different from those intended, a court of equity will, upon *full proof* thereof, reform and correct it.

Where relief is asked on the ground of of accident or mistake alone, there must be clear, explicit and conclusive proof of the mistake to justify the interference of a court of equity.

APPEAL from the Circuit Court for Baltimore City.

The bill in this case, filed on the 20th of March 1857, by the appellant against the appellees, alleges, that the complainant, on the 9th of April 1855, applied for the benefit of the insolvent laws, and on the 6th of August following, received his final discharge thereunder; that the defendants being his creditors upon claims owing prior to his application, on the 25th of April 1855 brought suit in the court of Common Pleas, and that on the 10th of September, of the same year, there is an entry of judgment confessed, which judgment was not so confessed by him, nor does he believe that it was confessed by any one in his behalf; that on the 22nd of August 1855, the defendants brought another suit against him in said court, also on claims due before his application, and he avers that no notice or summons thereon was ever served on him, and without his knowledge, and in his absence, a judgment by default was entered on the 24th of January 1856, and inquisition taken, under which the amount of his indebtedness was assessed at $267.10; that a *fi. fa.* has been issued thereon and levied upon his stall No. 54, in the Bel-Air market, which the sheriff is about to advertise and sell; that he holds this stall under a yearly license from the city, and the good will thereto belonging has been made by him since his aforesaid application, and is, therefore, not liable for debts contracted

Katz *vs.* Moore, *et al.*

prior thereto. He charges, that after the judgment by default, the defendants, well knowing all the circumstances of the case, and contriving fraudulently to obtain an undue advantage over him remained quiet and did not issue the *fi. fa.* until the second term after said default had been entered, viz., on the 11th of September 1856, at which time they knew it was too late to apply to the Court of Common Pleas to strike out the judgment and quash the *fi. fa.*, but he did so apply, and his motion was denied on the very ground that the term had passed in which the judgment had been entered, and that the same was beyond the jurisdiction of that court. He further charges, that the stall so levied on was obtained by him, by his great personal industry, since his aforesaid application; that by it he is able to support his family, and that if it were sold it would work irreparable injury in the destruction of his business, and that he could recover no adequate damages in a court of law for such an injury. The prayer of the bill is for an injunction restraining the sale of this stall, and for general relief. The injunction was granted as prayed.

The defendants, in their *answer*, admit the complainant's application and discharge, as stated in his bill, and that the claims on which they brought their suits against him were due prior to such application. In reference to the first of such suits, they aver there is an entry on the record of an appearance for the defendant, by O. F. Hack, Esq., an attorney of said court, and that the entry of judgment by confession was made by said Hack in open court. In reference to the second suit, they aver that a summons was duly issued thereon, which was duly returned by the sheriff as served on the complainant, and that the deputy sheriff, whose duty it was to serve it, actually served the same on him; that the complainant moved the court of Common Pleas to strike out this judgment, which motion was overruled, not only because the term had passed, but also on the point that the complainant had been served with the writ, and had notice thereof, and that, too, upon evidence taken on this point by both parties, and after a hearing of the same. They deny all manner of fraud in obtaining the judgments and in the issuing, or delaying to issue, the *fi. fa.*,

and insist, that the property levied on is liable thereunder, no matter when acquired by the complainant.

A motion to dissolve having been made, a commission was issued and testimony taken. On the part of the complainant, the deposition of O. F. Hack, Esq., was taken, who states that he entered his appearance for the complainant in the first of the suits referred to, and entered the judgment by confession, but that he never could have entered it simply by confession, but must have entered it subject to the insolvent application of the complainant; witness does not remember entering the judgment, but he is perfectly certain he could not have entered it, except subject to complainant's insolvent application, for witness himself had prepared the insolvent papers of the complainant, was perfectly acquainted with his application, and had talked with him and knew all about it. The defendants filed a certified copy of the docket entries In the second suit, showing, among other things, that the complainant had been duly summoned in that case, and that his motion to quash the *fi. fa.* had been overruled by the court of Common Pleas. They also filed exceptions to so much of the testimony of Mr. Hack as is offered to contradict the records of the judgment in the court of Common Pleas. At the hearing of the motion to dissolve, the court (KREBS, J.) delivered the following opinion:

"The complainant in this case asks relief from this court, by injunction restraining proceedings, upon two judgments rendered against him in the court of Common Pleas of this city, at the suit of the defendants, upon the ground, that in the one case there 'is an entry of judgment confessed, which judgment was not so confessed by him, nor does he believe it was confessed by any one in his behalf,' and that in the other case '*no notice* or *summons* thereon was ever served on him; and without his knowledge, and in his absence a judgment of default was entered and inquisition taken.'

"In regard to this latter case, it appears by a certified copy of the docket entries in the court of Common Pleas, filed as evidence with the commissioner, that the complainant was regularly summoned; and, therefore, has no ground of com-

Katz *vs.* Moore, *et al.*

plaining, for the reasons stated in his bill, of this judgment of default against him for not appearing to the suit, and the consequent inquisition of damages. In regard to the other case it appears, that Mr. Hack appeared for the complainant. In that case a judgment was entered by confession.

"The complainant insists, that there is great hardship and injustice in permitting these judgments to be enforced against him, because he had been discharged under the insolvent laws of this State, not long before they were rendered, and they are founded upon causes of action that accrued before his discharge, and should, therefore, be barred by it. But these facts alone, furnish no sufficient reason to this court for its interference in arresting the execution of these judgments. The debts due to the defendants, upon which they are founded, are in no manner impeached, and though the complainant may have been released from legal liability to pay them, by his discharge under the insolvent laws, yet his moral obligation is as strong as ever, and would be a sufficient consideration for a new promise to pay them, and fully sustains these judgments. This is not the case, as the solicitor for the complainant supposes, of a judgment rendered upon a void contract, against which, he maintains, a court of equity would protect a defendant, but that of a judgment rendered for a debt which the defendant is morally bound to pay, the consideration for which is undisputed. It is true, that the defendants could not have recovered judgments in these cases, if the complainant had pleaded his discharge, or had relied upon it in the manner sanctioned by the rules of practice in our courts. But this was not done by him in one case, because after he was summoned he failed to appear and avail himself of this protection, and in the other case, because, though he did appear by attorney, a judgment was confessed without the usual qualification.

"The statements of his attorney as made in the evidence, are not sufficient, in my opinion, to warrant this court in saying, that the judgment was confessed subject to the defendant's discharge, even if, according to the established rules of evidence, his parol statements could qualify the records of the

court. It is true, that if through fraud, accident or mistake, a judgment should be entered against a defendant for an amount, or in terms, different from those intended, a court of equity, upon full proof of such fraud, accident or mistake, would reform and correct it, yet the relief is not asked in this case upon either of these grounds, and if it were upon the ground of accident or mistake, no fraud being pretended, there is not in the record any such clear, explicit and conclusive proof of mistake, as is required by the rules of evidence in such cases. I must, therefore, pass an order dissolving the injunction heretofore issued."

From the order dissolving the injunction the complainant appealed.

The cause was argued before LE GRAND, C. J., ECCLE-STON and BARTOL, J.

*Wm. Pinkney Whyte* for the appellant.

In the first suit the judgment entered by the clerk was not the judgment confessed, as the testimony of Mr. Hack clearly shows. The course pursued by Mr. Hack was in accordance with the general practice in Maryland, and especially in Baltimore city, where the discharge is rarely pleaded, and where, if there is no dispute as to the discharge, the entry is always made of the judgment, subject to the discharge. *Evans' Pr.*, 155. The entry here of an absolute judgment, instead of one subject to the discharge, was a clear mistake on the part of the clerk, which ought to be rectified by a court of equity. If the circumstances set out make a case of *fraud* or *mistake*, there is no necessity that there should be an express *charge*, to that effect, in the bill. There is no dispute as to the facts, but the defence set up is, that the matter could be, and was, inquired into in a court of law, and as the judgments were rendered by a court of competent jurisdiction, they cannot be impeached. As a general rule, such may be conceded to be the law, but there are many exceptions to it. Such, for instance, are those cases where, by fraud or mistake, judgments are obtained by parties contrary to equity, and then courts will inter-

fere to prevent wrong. A court of equity will generally inter-pose, by injunction, "to prevent a party using an unfair advantage which he has gained by fraud or otherwise." 1 *Md. Ch. Dec.*, 185, *Little vs. Price.* So courts of equity will intervene against the execution of judgments when the contract sued on was void or against public policy, even though no such defence has been set up at law, but judgments have been entered by confession. 9 *Md. Rep.*, 526, *Gough vs. Pratt.* 1 *Story's Eq. Rep.*, sec. 165.

As to these debts, the appellant was entirely released so far as future acquisitions, by his own labor, are concerned, for by the Act of 1854, ch. 193, sec. 4, the release is complete and entire, nor is there anything in the insolvent laws requiring the discharge to be pleaded to a suit brought in order to use it as a defence. The application is matter of record, of which the appellees had due notice, and with the usual practice not to plead the discharge, but to enter the judgments by consent, subject to the discharge, would it not be unconscionable to allow a plaintiff, in the absence of any pretence of a new promise, to take advantage of a judgment entered under the circumstances detailed in this cause? The rule which requires special pleas applies to those cases where notice should be given to the plaintiff, as limitations, which do not extinguish the debt, but only take away the remedy, and where matter of fact is to be inquired into, but in case of an insolvent debtor, the insolvent papers being filed before entry of judgment in one case, and before the issual of the writ in the other, are matters of record, and the plaintiffs are presumed to have knowledge that the defendant had applied for the benefit of the insolvent laws. 3 *Md. Rep.*, 472, *Manahan, et al., vs. Sammon, et al.* The policy of the insolvent laws is, to relieve the honest debtor, who gives up his property, from the pressure of his liabilities, and to enable him, by his industry, unembarrassed, to earn a livelihood for himself and family. Such policy is set at defiance if, after a release and without a new promise, suit is brought, and a judgment absolute on its face, but intended and designed by the insolvent's counsel to be subject to his discharge, is to be entered by the mistake of

the clerk, and after its discovery no relief can be obtained by the interference of a court of equity.

As to the judgment by default, if it was necessary to plead the discharge, which is denied, then it is insisted, that the appellant, acting under the misapprehension that the appellees had brought one suit against him, in which his counsel had appeared, and supposing the release to exonerate him entirely from any further attention to the matter, (for it appears the discharge was granted sixteen days before the last suit was brought,) may have omitted to attend to it, and that from this no inference can be drawn, that such failure was "the result of wilful negligence or intentional disobedience of the command of the process," and this misapprehension ought to entitle him, under all the circumstances of the case, to protection from a court of equity, as the judgment by default was clearly obtained by surprise. In *Blackhall vs. Combs*, 2 *Peere Wms.*, 70, it was held, that where a bankrupt, after certificate allowed, is sued for a debt due before his bankruptcy, a court of equity, on the circumstances of the case, will relieve, though it will not relieve on a mere matter of mispleading.

*P. McLaughlin* for the appellees:

In one of these suits the appellant appeared by his attorney of record, and there was an unconditional judgment rendered by confession, as shown by the docket entries in the case. The evidence of Mr. Hack, even if it were sufficient to prove a mistake, is excepted to and cannot be admitted to contradict the record, not being offered for the purpose of showing fraud, accident or mistake. 2 *Starkie on Ev.*, 571. In the other case there was a judgment by default, and the court of Common Pleas, under the act of 1787, ch. 9, sec. 6, had jurisdiction on the motion made to it, to grant the relief as fully as a court of equity. And that motion having been made and the question of want of notice there relied on, and the decision thereon, there made, it is a bar to the relief prayed for. 2 *Smith's Lead. Cases*, 496. 2 *H. & G.*, 374, *Munnikuyson vs. Dorsett.*

It was the business of the appellant, to have pleaded his

insolvency to the suits, and if by his default he has suffered, he himself is to blame and the court will not grant him relief. 1 *Story's Eq., sec.* 105. The insolvent law of 1854 makes no difference, in this respect, from what was required under the old system. The act of 1805, ch. 110, declares, that the party shall be *discharged* from all his debts, and is as strong as the language of the new act, that he shall be *released* therefrom, and yet under the old system it was always held, that the discharge must be pleaded or in some way relied on, and if the party did not rely on it, he was held to have *waived* it, and an unconditional judgment against him was valid, the moral obligation to pay the debt still remaining, and the discharge having only the effect to bar the remedy.

Again, the bill does not allege surprise, fraud or mistake, as the ground of relief. No fraud is pretended even in the proof, and as regards *mistake,* as a ground upon which courts of equity will interfere with a judgment at law, it has always been held, that it must be made out by the clearest proof, as clearly indeed as if it was admitted in the answer. *5 Md. Rep.,* 365, *Falls & Krebs vs. Robinson.* 12 *Md. Rep.,* 415, *Keighler, et al., vs. Savage Manf. Co.* 1 *Brown's Ch. Rep.,* 93, *Irnham vs. Child.*

ECCLESTON, J., delivered the opinion of this court.

The examination of this case has satisfied us of the propriety of the order appealed from, and of the sufficiency of the reasons assigned in its support, by the judge who passed it, and therefore we affirm it for those reasons.

*Order affirmed, with costs.*

(Decided June 16th, 1859.)