(Decided July 1st, 1859.)

## Margaret Turner and Robt. S. Reeder, Admrs. of Edward Turner *vs.* Warren S. Waters.

If the purchaser of land at sheriff's sale, has the right to claim the writ of *habere facias possessionem*, such right does not, after his death, devolve upon his *administrators*, and *they* cannot appeal from an order discharging a rule laid upon the tenant in possession and claimants of the land, to show cause why the writ should not issue.

Appeal from the Circuit Court for Charles County.

This appeal is taken from a decision of the court below (Crain, J.) refusing to order a writ of *habere facias possessionem*. The facts are sufficiently stated in the opinion of this court.

The cause was argued before Le Grand, C. J., Eccleston and Tuck, J., by *Robt. S. Reeder,* for the appellants, and by *Frank H. Stockett,* for the appellee, who insisted that the appeal should be dismissed, because at the time the application

was submitted to the court below there were no proper parties before the court representing the purchaser, he having died, and his administrators, the present appellants, having no interest in his real estate, which, if he had purchased, descended to his heirs at law.

*Note.*—The argument on other points is omitted.

ECCLESTON, J., delivered the opinion of this court.

This appeal is from a decision of the Circuit Court for Charles county, refusing to order a writ of *habere facias possessionem.*

On the 26th of September 1846, in a magistrates court, for Charles county, Edward Turner recovered a judgment against Warren S. Waters, for $75.50, with interest and costs. The judgment was filed in Charles county court, and a *fieri facias* issued thereon, directed to the sheriff of the county, which writ he returned, thus endorsed:

"Land called Old Blanford and Charity, as laid in schedule, offered and sold the 16th February 1847, to Edward Turner, for $100, and thirty-three dollars and thirty-three and a-third cents thereof, applied in part of the within *fi. fa.*"

The schedule referred to is the following:

"We the subscribers, being duly summoned and sworn by the sheriff of Charles county, to value and appraise the goods and chattels, lands and tenements of Warren S. Waters, taken at the suit of Edward Turner, as follows, to wit: 191 acres of land, known by the name of Old Blanford and Charity, lying near Hughesville, in said county. Appraised at, $500.73."

On the 19th of July 1847, Turner, as purchaser, made a motion for a rule upon John Williams as tenant in possession, and upon Leonard S. Robey as claimant of the land, to show cause why the writ of *habere facias possessionem* should not issue to put Turner in possession of the land.

On the 4th of August following the court laid the rule; which being duly served, Williams and Robey appeared, by counsel, and filed reasons why the writ should not issue.

The cause was afterwards regularly continued, until May term 1856, when Margaret Turner and Robert S. Reeder, by

their attorney, came into court, suggesting the decease of Edward Turner, and that letters of administration on his estate had been duly granted to them.  After which the case was continued from term to term, until May term 1858, when the court discharged the rule.

From this decision the administrators of Turner appealed.

Turner's right to claim the writ of *habere* was, necessarily, based upon the hypothesis that he purchased the land.  Admitting he was the purchaser, and, as such, was entitled to the writ, nevertheless, his right did not, after his decease, devolve upon his administrators.  They, therefore possessing no rights which could be injured by the refusal to order the writ, could not appeal.

This view of the case dispenses with the necessity for considering other subjects referred to in argument.

*Appeal dismissed.*

(Decided July 1st, 1859.)