Montgomery *vs.* Murphy.

·of law, and there is, therefore, nothing on which the *procedendo* could operate.

*Judgment reversed.*

( Decided May 5th, 1863.)

---

JAMES MONTGOMERY *vs.* ROBERT MURPHY.

A judgment by *confession*, is an affirmative act, consented to by the defendant in person, or by his attorneys, with the leave of the Court.

The judgment records of the State are presumed to have been made up after the most careful deliberation, and to permit them to be altered or amended without the most solemn forms of proceeding, would be contrary to law and good policy.

In deciding upon an application to strike out a judgment after the term is past, for any of the reasons mentioned in the Act of 1787, ch. 9, the Court acts in the exercise of its *quasi* equitable powers, and will therefore properly consider all the facts and circumstances of the case, and require that the party making the application shall appear to have acted in good faith, and with ordinary diligence. Relief will not be granted when he has knowingly acquiesced in the judgment complained of, or has been guilty of *laches* and unreasonable delay in seeking his remedy.

Although, as decided in the case of *Weighorst vs. The State*, 7 *Md. Rep.*, 450, "it has always been the habit of Clerks to take minutes and docket entries of the Court's proceedings, and subsequently to enter them at length in technical language, according to established forms;" this Court cannot sanction the extension of this habit to a case in which the Clerk has made the single entry of "*judgment*," and then *out of Court* fixes the liability of plaintiff or defendant from mere recollection as to how the judgment should be entered at length.

The Act of 1787, ch. 9, authorizes the correction of errors in such cases as the above, and the Court of Appeals are assured they will promote the sanctity of judicial records by granting relief under their *quasi* equitable powers, when so manifest an error is presented for their consideration.

APPEAL from the Superior Court of Baltimore city.

This was an action of *assumpsit*, brought by the appellee against the appellant, on the 15th day of December 1854,

Montgomery *vs.* Murphy.

to recover the amount of an open account of $1,520.69. The appeal is from the action of the Court below (MARTIN, J.) overruling a motion of the appellant to strike out a judgment *by confession* alleged to have been entered in the case by mistake, and to enter said judgment as a judgment of *non pros.* The case is stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Geo. H. Williams,* for the appellant, argued:

That upon the proof, the true judgment as rendered by a *tribunal in session,* was a judgment by default, against the plaintiff for want of a replication and a compliance with the demand for a bill of particulars. That a deputy clerk, out of the presence of the Court, in the clerk's office, has no right to alter a Court record, and manufacture a different judgment, nor in fact to *make* any judgment. That the judgment in question was the result of a mistake. That the motion to correct it having been made within a few days after its discovery, was in ample time, and the evidence shows that the appellant was guilty of no *laches.* That up to the time of said motion, no action by the plaintiff had been taken on the judgment. That this case is one of hardship, and especially designed to be reached by the Act of November Session 1787, ch. 9, sec. 6. *Weighorst vs. The State,* 7 *Md. Rep.,* 450. *Bridendolph vs. Zellers' Exrs.,* 3 *Md. Ch. Dec.,* 333. *Kemp & Buckey vs. Cook & Ridgley,* 18 *Md. Rep.,* 130. On vacating decrees in Equity for the same cause as is here alleged, as much time is given to file a petition for review or re-hearing as for appeal, to wit, nine months. *Oliver vs. Palmer,* 11 *G. & J.,* 138.

73    r.19

*St. Geo. W. Teakle,* for the appellee:

The motion to strike out said judgment was properly overruled; because the motion to strike out was not made during the term of Court in which it was entered, but some four terms, or nearly sixteen months after said judgment was entered; and because, upon the proof in the cause, the relief asked ought not to be granted.

GOLDSBOROUGH, J., delivered the opinion of this Court:

The appeal in this case was taken from the action of the Superior Court of Baltimore city, overruling the motion of the appellant to strike out a judgment entered against him in that Court, on the 15th day of September 1855.

The motion to strike out the judgment was filed on the 9th day of January 1857, and the appellant assigned as the reasons for the motion, that the judgment was entered by *mistake,* and was not the proper judgment to be entered.

We find from the record that the appellee instituted suit against the appellant to recover $3,000 for work and labor, and for goods sold and delivered; and that at May term 1855, the appellant appeared by Messrs. McLean and Williams as his attorneys, pleaded the general issue and the statute of limitations, and also demanded a bill of particulars.

The cause was continued until the September term following; and though service of the rule, replication and notice of demand for a bill of particulars was admitted by the attorney for the appellee, no replication was filed nor bill of particulars furnished, but at this term a judgment by *confession* for the plaintiff was entered and extended.

It appears from the affidavit of F. A. Prevost, that he was a deputy clerk in the clerk's office of the Superior Court, in the year 1855, at the same time that an entry of judgment was made by Levin Handy, as Court clerk in

this case; that it was so made without stating on the docket whether it was for the plaintiff or the defendant; that subsequently, after the adjournment of the Court, and in the clerk's office, when deponent was about transcribing said judgment in said office on the record docket, he required an explanation of said entry, when he was instructed by Handy to make the entries which are now upon said docket; that the only entry upon said docket, until it came into the clerk's office, was the said word "judgment," and that the other words were not written there until they were so written by this deponent in the office, and *not in Court*, and were so written by the direction of said Handy, as aforesaid.  Therefore the only entry made by the Court clerk, in legal contemplation, under the eye of the Court, and by its authority, was the word "judgment."

A judgment by *confession* is an affirmative act, consented to by the defendant in person, or by his attorneys, with the leave of the Court.  In the affidavits of the defendant and of his attorneys, they utterly deny any such confession; and if any judgment was ordered to be entered, it was more consonant with the state of the pleadings in the cause that it should have been a judgment by default for want of replication and the failure to furnish a bill of particulars.

Though this Court has said, in the case of *Weighorst vs. The State*, 7 *Md. Rep.*, 450, "it has always been the habit of clerks to take minutes and docket entries of the Court's proceedings, and subsequently to enter them at length in technical language, according to established forms," we cannot sanction the extension of this habit to a case in which the clerk has made the single entry of "judgment," and then, *out of Court*, fixing the liability of plaintiff or defendant from mere recollection as to how the judgment should be entered at length.  If the "judgment" had indicated, when placed on the minutes of the Court, for or

against whom it should have been entered, the recording clerk might, by reference to the character of the action, have followed the recognized forms in making the record complete.

It may be said, that the record shows the pleas and demand for bill of particulars were withdrawn. We can only regard such entry as the act of the clerk in making up the record. The character of the pleas, and the settled purpose of the defendant to contest the plaintiff's claim, as shown by the affidavits of the defendant and his attorneys, forbids the idea that the judgment was *confessed;* and there is no evidence of any order indicating the sum on payment of which the judgment should be released. Is this, therefore, a case within the provisions of the Act of 1787, ch. 9?

This Court has said, in the case of *Kemp & Buckey vs. Cook & Ridgley*, 18 *Md. Rep.*, 139, "in deciding upon the application to strike out a judgment after the term is past, for any of the reasons mentioned in the Act of 1787, the Court acts in the exercise of its *quasi* equitable powers, and will therefore properly consider all the facts and circumstances of the case, and require that the party making the application shall appear to have acted in good faith, and with ordinary diligence." "Relief will not be granted when he has knowingly acquiesced in the judgment complained of, or has been guilty of *laches* and unreasonable delay in seeking his remedy."

In this view of our duty, we have examined the facts of the entry of the judgment, and will now consider the question, whether the appellant has been guilty of *laches* in making his motion to strike out the judgment.

From the period of the entry of judgment to the time when the motion to strike it out was made, four terms of the Court had intervened, and the counsel of the appellee urged upon our consideration that it was the practice of the

clerk of the Superior Court to furnish the attorneys practising therein, with dockets of the respective terms, each docket containing the trial calender; thus raising the presumption that the appellant's attorneys had an opportunity to know what disposition had been made of this and their other cases.

But there is no evidence whatever in the record to show that the dockets thus distributed, were received by the appellant's attorneys, and this presumption of notice is fully rebutted by the affidavits of those gentlemen, in which they severally aver that they only heard of the judgment a few days before the motion to strike it out, and to their great surprise; and the affidavit of the appellant is equally positive in this particular.

The judgment records of the State are presumed to have been made up after the most careful deliberation, and to permit them to be altered or amended without the most solemn forms of proceeding, would be contrary to law and good policy.

The Act of 1787, authorizes the correction of errors similar to those in this case, and we feel well assured that we are promoting the sanctity of judicial records by granting relief under our *quasi* equitable powers and the provisions of this Act, when such a manifest error is presented for our consideration.

Under the circumstances, the order of the Superior Court overruling the motion to strike out, must be reversed, the judgment stricken out, and the cause remanded, so that the case may be brought up by regular continuances, and prosecuted according to the usual course.

*Order reversed and procedendo awarded.*

(Decided May 5th, 1863.)