(Decided 16th January, 1874.)

---

JOHN TOLLY JOHNS *vs.* THEODORE L. FRITCHEY and WILLIAM B. THOMAS, trading as T. L. FRITCHEY & Co.

*Insufficient reason for Striking out a Judgment—Degree of Intoxication necessary to Avoid an express Contract.*

The appellant, on the 26th of March, 1872, executed and passed his promissory note to G. for $394.57, payable sixty days after date. G. immediately assigned it to the appellees. At the same time and place the appellant executed a power of attorney, dated the 29th of May, 1872, authorizing Y. an attorney at law to appear for him in a case to be docketed by consent in the Circuit Court for Baltimore County, and confess judgment for the amount of the note with interest, and costs, in favor of the appellees, and to do all things

Johns *vs.* Fritchey and Thomas.

necessary for the proper entry of said judgment, either in open Court, or before any Judge thereof in the recess of the Court. On the 1st of June, 1872, the counsel for the appellees filed the titling of a cause against the appellant, with a written order to the clerk to "enter up judgment against the defendant as per agreement stated within." Accompanying this was a *narr.* with the note attached, and an agreement signed by the plaintiffs' attorney and by Y. as attorney for the defendant, to docket the cause as of May Term, 1872, and to enter judgment in the suit by confession for $398.71 and costs, with interest from date. On the same day the plaintiffs' attorney presented the aforementioned papers to the Court when in open session, while a deputy clerk was acting as Court clerk, called the attention of the Judge to the case, and to the fact that Y. as attorney for the defendant had signed the agreement to have the judgment entered; the Judge thereupon in open Court gave a verbal order requiring the clerk to docket the case and enter up judgment against the defendant by confession, according to the terms of the agreement; the deputy clerk marked the papers "Filed 1st June, 1872," and took them from the Court room into the clerk's office, and gave them to another deputy clerk, or placed them on his office desk, notified him of the verbal order of the Court, and requested him to docket the case and make the proper entries, which he did in the clerk's office, including the entry, "Judgment by confession for plaintiffs for $398.71 and costs, with interest from date." On motion by the defendant to strike out the judgment for irregularity in entering it, and for other reasons, it was HELD :

That the mere fact that the docket entries were not made in the Court room, but in the clerk's office by the deputy to whom that duty was specially assigned by the clerk in conducting the business of his office, did not invalidate the act; and there was no such irregularity or mistake as would justify the striking out of the judgment on motion made after the term had elapsed.

Where a party seeks to avoid an express contract upon the ground that he was intoxicated at the time he entered into it, it is incumbent on him to produce clear and satisfactory proof that he was *at the time* in such a state of drunkenness as not to know what he was doing, or the consequences of his own acts.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER and ROBINSON, J.

*D. G. McIntosh,* for the appellant.

No contract made by a person in a state of intoxication, when he does not know the consequences of his act, is binding upon him. *Gore vs. Gibson,* 13 *Mees. & Wels.,* 625. And the rule prevails, even though the intoxication be voluntary, and not procured through the circumvention of the other party. *Smith on Contracts,* 252, (*marg.,*) *and note;* 2 *Kent's Commentaries,* 451. And when the mind is simply enfeebled by habitual intoxication or through other causes. *Wilson vs. Bigger,* 7 *Watts & Sergt.,* 124; *Morrison vs. McCord,* 2 *Dev. & Bat. Eq.,* 221; *Central Bk. of Frederick vs. Copeland,* 18 *Md.,* 318. Any contrivance and instrumentality on the part of Gardiner inducing the appellant to a state of inebriety and to obtain from him, while in that state, the note and the power of attorney to confess judgment, will avoid both on the ground of fraud. *Brunden vs. Old,* 3 *Car. & Payne,* 440; *Smith on Contracts,* 251, (*marg.*)

The question whether the intoxication of the appellant was so complete as to destroy the "agreeing mind" was one of fact, and he was entitled to have it determined by a jury. 1 *Green. Law R.,* 238.

On the 9th day of November, 1872, the appellant, on account of newly discovered evidence, and because of fraud, deceit, surprise and irregularity, filed his second motion to strike out the judgment. The affidavit of the appellant states, that shortly after the hearing of the argument on the previous motion, he learned by accident that the judgment was irregularly and improperly entered out of Court; that he had no means of ascertaining the irregularity sooner, and no reason to suspect that any such existed; and he thereupon immediately renewed his motion before the Court to strike out the judgment.

The affidavit of the clerk, Mitchell, shows that he made all the docket entries in the case, that they are all in his hand-writing, that they were made in the clerk's office

and not in open Court, and without any written order or direction from the Judge; that the only memorandum upon the papers, when they came into his hands, was the endorsement, "filed June 1st, 1872," on the *narr.;* that he entered the judgment because he found the papers, together with a direction from counsel to enter the judgment, upon his desk. "Although it has always been the habit of clerks to take minutes and docket entries of the Court's proceedings, and subsequently to enter them at length in technical language, according to established forms, this Court cannot sanction the extension of this habit to a case in which the clerk has made the single entry, judgment, and then out of Court fixes the liability of plaintiff or defendant from mere recollection as to how the judgment should be entered at length." *Montgomery vs. Murphy,* 19 *Md.,* 577; *Weighorst vs. State,* 7 *Md.,* 450. Much less will the Court sanction a habit, or sustain a judgment, when *no minute or docket entry* whatever is made of the proceedings of the Court by the clerk, and a different clerk and another person afterwards enters the judgment out of Court.

The Court, even after the lapse of a term, acting in the exercise of its quasi equitable powers, will strike out a judgment irregularly entered, when the party applying is guilty of no laches or unreasonable delay in seeking his remedy. *Munnickuysen vs. Dorsett,* 2 *H. & G.,* 374; *Green vs. Hamilton,* 16 *Md.,* 317; *Kemp vs. Cook,* 18 *Md.,* 130; *Montgomery vs. Murphy,* 19 *Md.,* 577.

*Thomas H. Bevan* and *John H. Handy,* for the appellees.

MILLER, J., delivered the opinion of the Court.

The appellant on the 26th of March, 1872, executed and passed to Cyrus M. Gardiner, his promissory note for $394.57, payable sixty days after date, for value received,

which Gardiner immediately assigned to the appellees. At the same time and place, he also executed a power of attorney (dated May 29th, 1872, when the note would mature) authorizing John J. Yellott, an attorney at law, to appear for him in a case to be docketed by consent, in the Circuit Court for Baltimore County, and confess judgment for the amount of this note, with interest and costs in favor of the appellees, and to do all things necessary for the proper entry of said judgment, either in open Court or before any judge thereof, in the recess of the Court. On the 1st of June, 1872, counsel for the appellees filed the titling of a cause against the appellant, with a written order to the clerk to enter up judgment against the defendant as per agreement stated within. Accompanying this, was a declaration, with the note attached, and an agreement signed by the plaintiff's attorney, and by Mr. Yellott, as attorney for the defendant, to docket the cause as of May Term, 1872, and to enter judgment in the suit by confession for $398.71, and costs, with interest from date; and as appears by the docket entries, judgment was on the same day entered accordingly. Motions were subsequently made by the appellant to strike out this judgment, under which affidavits were filed on both sides. The Court overruled these motions, and from the refusal to strike out the judgment, this appeal is taken. Some of the reasons in support of these motions are not sustained by proof, and the only questions which need be considered by this Court, are:

1st. Was there such irregularity in entering the judgment as to require it to be stricken out?

2nd. Was the appellant at the time he executed the note and power of attorney, so intoxicated as to be incapable of contracting?

1st. As respects the first question, the affidavits shew that the plaintiffs' attorney presented the papers above

Johns *vs.* Fritchey and Thomas.

mentioned to the Court when in open session, on the 1st of June, 1872, while Mr. George one of the deputy clerks, was acting as Court clerk, called the attention of the Judge to the case, and to the fact, that Mr. Yellott, as attorney for the defendant, had signed the agreement to have the judgment entered, and the Judge thereupon in open Court, gave a verbal order requiring the clerk to docket the case, and enter up judgment against the defendant by confession, according to the terms of the agreement; that Mr. George then marked the papers "Filed 1st June, 1872," and took them from the Court room into the clerk's office, and gave them to Mr. Mitchell another deputy clerk, or placed them on his office desk, notified him of the verbal order of the Court, and requested him to docket the case and make the proper entries therein; that he did not himself docket the case, and make the entries in his own hand-writing, because the docketing of causes fell more properly within Mr. Mitchell's department of official duty; that Mr. Mitchell then made the entries on the docket in the clerk's office, including the entry "Judgment by confession for plaintiffs for $398.71 and costs, with interest from date."

The appellant contends that Mitchell had no power in the absence of a written order from the Judge to that effect, to make this entry in the clerk's office, and not in open Court, the acting clerk having made at the time no minute of the Court's verbal order. In *Weighorst vs. The State,* 7 *Md.,* 442, the docket entry of a verdict was "guilty of murder in the second degree," and this was afterwards extended in more formal and technical language, which appeared in the record transmitted to the Appellate Court. In answer to the objection that the clerk had no power thus to amplify the finding of the jury, the Court said: "It has always been the habit of clerks to take minutes and docket entries of the Court's proceedings and subsequently to enter them at length in

technical language, according to established forms. This is necessary to the dispatch of business, and relieves these officers from the inconvenient, if not impracticable labor of making correct full records of proceedings as they transpire. In legal contemplation, they are made under the eye of the Court, and by its authority, and when not properly entered or extended, the error may be corrected." But in that case, the Court said there was no substantial difference between the docket entries and the verdict as set out in the transcript of the record, and in disposing of the case, they would not ascribe to the latter, any greater effect, than by legal intendment belonged to the former.

In *Montgomery vs. Murphy,* 19 *Md.*, 576, there was a motion to strike out the judgment on the ground that it was entered by mistake, and was not the proper judgment to be entered. That was an action of *assumpsit* for work and labor, and goods sold and delivered. Besides the general issue, the defendant pleaded limitations, and also demanded a bill of particulars. The case was then continued, and the plaintiff admitted service of the rule replication, and notice of the demand for a bill of particulars, but filed neither. In this state of the pleadings, the Court clerk at the following term, entered upon the docket in open Court, the simple entry "judgment," and then out of Court, and after its adjournment, directed the recording clerk to enter "pleas withdrawn, and judgment by confession;" and the record states "judgment was rendered in this action on the 15th of September, 1855, for $3000 damages in *narr.* and costs. to be released on payment of $1520.69, with interest from the 15th May, 1854, and costs." There was no proof that any order, written or verbal, was given by the Judge to make this entry, nor of any order or agreement stating the sum on payment of which, the judgment was to be released. The affidavits of the defendant and his attor-

neys denied any eonfession of judgment, and the state of the pleadings required a judgment of *non pros*, for want of a replication, and failure to furnish a bill of particulars. On this state of facts, the Court say, they would not extend the doctrine of *Weighorst's Case*, as to the practice of clerks, to a case where the clerk has made the single entry ot "judgment," and then out of Court, fixed the liability of plaintiff or defendant from mere recollection as to how the judgment should be entered at length, but if the entry of "judgment" when placed on the minutes, had indicated for or against whom it should have been entered, the recording clerk might, by reference to the character of the action, have followed the recognized forms in making the record complete. The Court in their opinion note particularly the state of the pleadings, and the absence of any agreement or entry indicating the amount actually due, and on payment of which the judgment was to be released. The distinction between that case and this, is every obvious. Here there was no mistake whatever. The order of the Court was definite, was correctly communicated to the recording clerk, and was accurately carried out by the entries he made. The attorneys for the parties, by their written agreement filed in the cause, had specified the amount for which the judgment was to be entered, and the order of the Judge to make the entry accordingly, was given in open Court. In this state of the case the mere fact that the entries were not made in the Court room, but in the clerk's office by the deputy to whom that duty was specially assigned by the clerk in conducting the business of his office, does not, in our judgment, invalidate the act. We find here no mistake, nor any such irregularity as would justify the striking out of the judgment on motion made after the term had elapsed.

2nd. In considering the second question, it must be observed, there is no proof that the consideration of the

note is not true, as sworn to by Gardiner and the appellees. The appellant in his affidavit does not, in express terms, deny the indebtedness for which the note was given. He swears the power of attorney was obtained from him through fraud and undue advantage, practiced upon him while in a state of intoxication; but there is no proof this intoxication, whatever may have been its extent, was brought about by the circumvention or procurement of Gardiner or the appellees, it was entirely voluntary. Under these circumstances, though the law permits him to set up his intoxication in avoidance of an express contract, it is incumbent on him to produce clear and satisfactory proof that he was *at the time* in such a state of drunkenness as not to know what he was doing. *Gore vs. Gibson*, 13 *Mees. & Wels.*, 623, is the leading English case on this subject. It was an action by the endorsee against the endorser of a bill of exchange, and the question arose on demurrer to the defendant's plea, which averred that before and at the time when he endorsed the bill, he was so drunken, intoxicated and under the influence of liquor, and thereby so entirely deprived of sense, understanding and the use of his reason, as to be unable to comprehend the meaning, object, nature, or effect of the said endorsement, or to contract or promise thereby, of all which the plaintiff had full knowledge and notice. The Court sustained the plea, and held that the result of the modern authorities, both English and American is, that no contract made by a party when in such a state of intoxication as not to know the consequences of his act, is binding upon him. PARKE, B., says, the modern decisions have qualified the old doctrine that a man shall not be allowed to allege his own lunacy or intoxication, and *total* drunkenness is now held to be a defence.

We have examined the affidavits in view of this rule of law, and are of opinion, the weight of testimony fails

Johns *vs.* Fritchey and Thomas.

to show that the appellant, at the time he executed these papers, was in such a state of drunkenness as not to know what he was doing, or the consequences of his own acts. The affidavits of Gardiner, Fritchey, Thomas and Mackintosh, who were the only parties besides the appellant, present at the transaction, clearly show he was then fully aware of the nature of the business he was doing, and sufficiently sober and in his senses to understand and assent to the contract he then made, which was simply to settle by his note on time, an existing indebtedness to Gardiner and the appellees. The effect of this settlement, so far as the appellees were concerned, appears to have been for the advantage of the appellant, as he would thereby gain time on two magistrate's judgments which they had recovered against him, and on which appeals were then pending in the Circuit Court. In addition to this, the affidavit of Mr. Yellott shows that about the 1st of April, but a short time after the papers were executed, the appellant had a distinct recollection of the transaction; he stated that he had settled the judgments by giving his note, was seeking his counsel to have the appeals attended to, said he had authority from the appellees to have them settled, and expressed his determination to have the appeal cases knocked off, and to fight the appellees on the note when it came into Court.

In our judgment this testimony outweighs, in probative force on the question at issue, the proof adduced on the part of the appellant, and we therefore find no error in the action of the Court in overruling these motions.

*Judgment affirmed.*

(Decided 21st January, 1874.)