(Decided 22nd June, 1876.)

---

Bezaleel Sarlouis *vs.* The Firemen's Insurance Company of Baltimore, Garnishee.

*Attachment—Garnishee—Assets—Presumption as to the Evidence of a Public Officer—Striking out Judgment in Attachment.*

Where the garnishee fails to plead after due notice of the attachment, such failure is an admission of assets, and the want of funds cannot afterwards be inquired into.

The affirmative testimony of a public officer acting in the regular routine of his duty, without any motive to misrepresent, sustained by contemporaneous entries in his own hand, must be preferred to the negative evidence of the employés of the party seeking to controvert it.

Where a judgment of condemnation in attachment has been rendered several terms anterior to the motion to strike out, it would be contrary to a long course of established decisions to disturb it without clear and convincing proof of fraud, surprise or irregularity.

Appeal from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before Bartol, C. J., Bowie and Alvey, J., and the decision was participated in by Grason and Miller, J.

*D. Greenbaum,* for the appellant.

*Geo. Hawkins Williams,* for the appellee.

Bowie, J., delivered the opinion of the Court.

The appellant having obtained a judgment in the Superior Court of Baltimore City, on the 6th of January, 1874, against M. Siar, Catharine Hopkinson and Dr. M. Hopkinson, for $427.23, interest and costs, sued out thereon, on the 27th of May following, an attachment, returnable on the second Monday of October of the same year, which was returned by the sheriff as follows:

"Laid in the hands of the Firemen's Insurance Company of Baltimore, by service on Henry P. Duhurst, President, on the 27th May, 1874, at 4.57 o'clock, P. M., in presence of Wm. Robertson, and garnishee summoned. Also, summoned Miss M. Siar and Dr. M. Hopkinson, defendants, '*mortuus est*' as to Catharine Hopkinson.

"Augustus Albert, Sheriff."

No appearance being entered on the return day by the garnishees, judgment of condemnation *nisi* was rendered against them.

On the 28th of October, 1875, the appellant filed a petition setting out the previous proceedings in the case, and alleging that the corporate name of the garnishee is, "The President and Directors of the Firemen's Insurance Company of Baltimore City," and praying process to enforce said judgment against said corporation by its proper corporate title, etc.

On the 11th of November, 1875, the President and Directors of the Firemen's Insurance Company, the sup-

Sarlouis *vs.* Firemen's Ins. Co. of Baltimore, Garn.

posed garnishee in the above cause, moved the Court to strike out the judgment against it, because it says:

"1st. That at the time of the laying of said attachment, as alleged, it had no credits or other assets whatsoever of said Hopkinson in its hands, nor hath or had since, and hath not any now.

"2nd. Because no such attachment was ever served, or laid in its hands in fact; no notice was ever given thereof to it by the sheriff as alleged, nor by any other person whatsoever, nor had this garnishee any notice whatever of said case nor any proceedings whatever therein, until the service of the order of the 28th of October last, upon its President within a few days past.

"3rd. That it is taken by surprise, and that said judgment was obtained by a return of the sheriff irregularly made, and under a mistake as to such pretended service of said writ, which was not in fact served on it."

Depositions having been taken by the parties, in support of and against the motion to strike out, it was, by the Superior Court of Baltimore City, on the 12th of January, 1876, ordered that the judgment be stricken out, etc., from which order this appeal is taken.

No objection was raised below by the appellee on account of *misnomer*, as is suggested in the appellant's brief; on the contrary, the appellee, by its appearance and motion, virtually waives that point.

The grounds of relief are practically two,—the absence of assets in the garnishee's hands liable to attachment, and want of notice or service.

If the appellee had proper notice, the want of funds could not be inquired into, because the failure to plead, after due notice, is an admission of assets. The garnishee would not be permitted to avail himself of his own remissness to repel a presumption of law growing out of his silence.

The primary inquiry therefore, in legal order, is the second objection, which technically amounts to a charge of false return against the sheriff.

Waiving for the present, the inquiry whether such a defence can be incidentally and collaterally set up, it is, as a matter of fact,. far from being satisfactorily sustained by the evidence.

The testimony on the part of the appellee, to prove want of notice, is negative in its character, inaccurate in a material date, and incidentally confirms the return of the sheriff. On the other hand, the testimony of the deputy sheriff is affirmative, positive and particular, corroborated by reference to the original papers and memoranda thereon, which it is impossible to doubt, unless they are fabricated for the occasion.

The affirmative testimony of a public officer, acting in the regular routine of his duty, without any motive to misrepresent, sustained by contemporaneous entries in his own hand, must be preferred to the negative evidence of the employés of the garnishee corporation, from public policy as well as upon the rules of probability.

There are contradictions and discrepancies on both sides; but not greater on the side of the appellant's witness than on the part of the appellee's. All of the latter insist that the conversation between Robertson, (the officer serving the attachment,) and the President of the appellee's Company, occurred *on the 25th of May*, 1874, when the writ issued only on the 27th of that month, as demonstrated by the record. There is no particular significance in this erroneous date, yet it shows a remarkable coincidence in committing a mistake.

All the appellee's witnesses unite in representing that Mr. Robertson called at the office of the appellee, *about 5 P. M., 25th May*, 1874.

His memorandum in pencil is, "served 4.57 P. M.," made 27*th May*, 1874, *the day the writ was issued.*

The circumstances detailed by the appellees' witnesses, imply that the appellees had reason to expect the funds would be attached, and that when the sheriff's deputy appeared they anticipated his errand.

Is it probable an officer, charged with such a duty, would go to the office of the garnishee, with the attachment in his hand, and not execute his warrant.

The appellee's witness Jones, says, it was the practice of the appellee to take a memorandum of attachments laid, *where there were funds to meet them, but where there were no funds, no memorandum was made.* Such a habit, however unreasonable, may account for the appellee's neglect of the service.

Without dwelling longer on the particulars of the evidence of the appellees, in support of their motion, it is sufficient to say, it does not, in our opinion, prove either want of notice or surprise, or overcome the positive and circumstantial evidence of the appellant to the contrary.

The appellant's judgment having been rendered several terms anterior to the motion to strike out, it would be contrary to a long course of established decisions to disturb it, without clear and convincing proof of fraud, surprise or irregularity. *Kemp & Buckey vs. Cook & Ridgely,* 18 *Md.,* 130; *Montgomery vs. Murphy,* 19 *Md.,* 580; *Gardner vs. Jenkins,* 14 *Md.,* 62; *Sherwood vs. Mohler,* 14 *Md.,* 564; *Katz vs. Moore,* 13 *Md.,* 566.

The judgment of the Court below, striking out the judgment of condemnation was, in our opinion, erroneous, and should be reversed.

*Judgment reversed.*

(Decided 22nd June, 1876.)