EDWIN F. ABELL, Garnishee of ELISHA RIDDLE *vs.* MAIER SIMON, use of HENRY SIMON.

*When a motion to strike out a Judgment after the Term has passed at which it was entered, will prevail—Return of " Summoned"—Onus probandi upon the party assailing the Return—When party will not be heard to say that a Judgment was obtained by Mistake or Surprise.*

To support a motion to strike out a judgment after the term at which it was entered has passed, there must be clear and satisfactory proof of *fraud, deceit* or *surprise.*

Where the return of *"summoned"* by a sheriff is disputed, the burden of proof is upon the party assailing such return, and it is incumbent upon him to show by evidence of the most satisfactory character that he was not summoned.

When a party is summoned as garnishee, and has an opportunity to make his defence and neglects to do so, and judgment is regularly entered against him, he will not be heard to say, after the term has passed, that it was obtained by mistake or surprise.

APPEAL from the Circuit Court for Baltimore County.

Maier Simon on the 28th of September, 1869, recovered against Elisha Riddle a judgment by confession for $619.67. . On the 16th of August, 1875, the judgment was entered to the use of Henry Simon, and on the same day an attachment was issued thereon, returnable on the second Monday of September, 1875. The writ of attachment was returned endorsed as follows: "Laid in the hands of Ed. F. Abell on the 30th day of August, 1875, at 10 A. M., and summoned him as garnishee. Samuel F. Butler, Sheriff." On the 13th day of September, 1875,

being the return day of the writ, neither garnishee nor defendant appearing, condemnation *nisi* was entered against the garnishee, and on the 1st of December, 1877, the judgment of condemnation was made final and extended by the Court for the plaintiff for $920.52. On the 29th of January, 1878, a writ of *fieri facias* was issued on said judgment, and on the 11th of February following the garnishee moved to strike out the judgment and to quash the execution, on the ground, among others, that said judgment was entered by mistake and was a surprise to the said garnishee. These motions were overruled by the Court, and from the order overruling the motion to strike out the judgment, as also from the order overruling the motion to quash the execution, this appeal was taken. The case is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, ALVEY and ROBINSON, J., and a brief was also filed for the appellant by Attorney-General Gwinn.

*William S. Keech, R. R. Boarman* and *Charles J. M. Gwinn,* Attorney-General for the appellant.

The judgment against the appellant is a nullity and should be stricken out, and the *fi. fa.* issued thereon should be quashed.

In the case of *Tiernan vs Hammond,* 41 *Md.,* 548, this Court held that " upon a motion to strike out a judgment after the term is past, the Courts in this State exercise a general equitable jurisdiction, and will therefore consider all the facts and circumstances of the case," etc. In the case of *Smith, et al. vs. State use of the County Commiss'rs of Balt. Co.,* 46 *Md.,* 617, this Court held that in motions to strike out a judgment and quash the writ of *fi. fa.,* the Courts exercise a *quasi equitable jurisdiction.* *Bridendolph vs. Zeller's Executors,* 3 *Md.,* 325 ; *Montgomery vs. Murphy,* 19 *Md.,* 576.

Abell, Garn. *vs.* Simon.

A Court of equity exercising general equitable jurisdiction would grant relief if a case like the one at bar were presented.

The case of *Gardner and Bowling vs. Hardy and Simms,* 12 *Gill & J.,* 365, shows to what extent a Court of equity will go to grant relief in a case where it would be against conscience and equity to enforce a judgment. The case at bar is stronger than that case ; Mrs. Gardner confessed a judgment in favor of plaintiff, although she thought a receipt had been given and could be produced.

A Court can grant relief after the term. *Kearney vs. Sascer,* 37 *Md.,* 274 ; *Sherwood vs. Mohler,* 14 *Md.,* 564 ; *Broom's Legal Maxims,* 309, (*marg.;*) *Tiernan vs. Hammond,* 41 *Md.,* 548.

The Courts have decided that " surprise " is a fraud. *Earl of Bath and Montague's Case.* 3 *Ch. Cases,* 56, 74, 103, 114 ; *Townshend vs. Stangroom,* 6 *Ves.,* 327, 328, and in *Jeremy's Equity Jurisd.,* pt. 2, ch. 8, p. 383, "fraud" and " surprise " are treated as synonymous.

The motion to quash the *fi. fa.* issued against the appellant, ought to have been granted. The attachment was laid in the hands of *Ed. F. Abell.* The *fi. fa.* could only have been directed against *Ed. F. Abell.* The *fi. fa.* could not, and cannot, be corrected by the writ of attachment, because *both* instruments erred in the designation of the name of the appellant. There is no mode of amending a *fi. fa.* except by reference to the record. *Freeman on Executions, sec.* 78.

The use of the word " Edward " instead of " Edmund," or of " Edmund " instead of " Edward," in a writ of *capias ad satisfaciendum* is error requiring correction. *Brown vs. Hammond, Barnes' Notes,* 10, 11.

The use of the word " Ed.," which is an abbreviation of "Edward," "Edmund," or "Edwin," is, therefore, certainly an error requiring correction. It was the designation of the appellant by a wrong name. The appellant

did not appear to the suit in question. There is no evidence in the record that he was the party intended to be sued. He has not been connected with the judgment rendered in this case by any proper averments. The motion to strike out the *fi. fa.* ought, therefore, to have been granted.

*John Grason* and *John T. Ensor*, for the appellee.

In the case of *Anderson, Garn. vs. Graff*, it is said "that to justify the striking out of a judgment, it is necessary that *clear* and *convincing* proof be given that the garnishee was prevented from making his defence by deceit practiced upon him by the plaintiff." 41 *Md.*, 608. In this case there is no such proof. There is no proof whatever that the plaintiff practised any fraud, surprise or deceit in obtaining the judgment.

The grounds of relief are practically two—the absence of assets in the garnishee's hands liable to attachment, and want of notice or service.

"If the appellee had proper notice the want of funds could not be inquired into, because the failure to plead after due notice is an admission of assets. The garnishee would not be permitted to avail himself of his own remissness to repel a presumption of law growing out of his silence." *Sarlouis vs. Firemen's Ins. Co., of Baltimore, Garn.*, 45 *Md.*, 243.

The only inquiry in the case seriously claiming the consideration of the Court is that which technically amounts to a charge of false return against the sheriff We think that this is far from being sustained by the evidence. The testimony on the part of the appellant to prove want of notice is uncertain, indefinite and negative in its character. None of the witnesses for the appellant are able to say that he was not summoned, and he does not positively deny the service, but says that he does not recollect or remember it.

On the other hand the testimony of the deputy sheriff is affirmative, positive and particular and corroborated by the endorsement on the writ.

The appellee's judgment was rendered several terms anterior to the motion to strike out, and it would be contrary to a long course of established decisions to disturb it without clear and convincing proof of fraud, surprise or irregularity. *Sarlouis vs. Firemen's Ins. Co., of Baltimore, Garn.*, 45 *Md.*, 245 ; *Kemp & Buckey vs. Cook and Ridgely*, 18 *Md.*, 130 ; *Montgomery vs. Murphy*, 19 *Md.*, 580 ; *Gardner vs. Jenkins*, 14 *Md.*, 62 ; *Sherwood vs. Mohler*, 14 *Md.*, 564 ; *Katz vs. Moore*, 13 *Md.*, 566.

Where the process is regularly served on the defendant, he cannot set up surprise in the obtaining of the judgment. *Peters vs League*, 13 *Md.*, 58 ; *Windwart vs. Allen*, 13 *Md.*, 196.

There is no evidence of fraud in this case, but even if there were, the defendant having been regularly summoned it is too late for him to make objections to the judgment on this or any other ground, after the term. His objections should have been made during the term at which the judgment of condemnation was entered ; after it had become absolute by the lapse of the term it was too late. *Anderson, Garn. vs. Graff*, 41 *Md.*, 606 ; *Windwart vs. Allen*, 13 *Md.*, 197 ; *Friedenrich vs. Moore*, 24 *Md.*, 296.

Robinson, J., delivered the opinion of the Court.

It has been decided repeatedly by this Court that in support of a motion to strike out a judgment after the term at which it was entered has passed there must be clear and satisfactory proof of fraud, mistake or surprise, and it is hardly necessary to state again the obvious reasons of public policy and of private right in which this well settled rule is founded. *Katz vs. Moore*, 13 *Md.*, 566 ; *Sherwood vs. Mohler*, 14 *Md.*, 564 ; *Montgomery vs. Murphy*, 19 *Md.*, 576 ; *Anderson, Garnishee vs. Graff*, 41 *Md.*, 601, 608 ; *Sarlouis vs. Firemen's Ins. Comp'y*, 45 *Md.*, 245.

Abell, Garn. *vs.* Simon.

There is no evidence here of fraud practised on the defendant, and the question and the only question, is whether there is such proof of *mistake or surprise* as will justify the Court in setting aside the judgment; and this resolves itself into whether the attachment was served and the appellant summoned to appear as garnishee of Riddle. If the appellant was summoned and had an opportunity to make his defence and neglected to do so, and judgment was regularly entered, he will not now be heard to say, after the term has passed, that it was obtained by mistake or surprise.

Now in support of the judgment we have, in addition to the sheriff's return, the affirmative testimony of the deputy sheriff himself, who says he remembers distinctly having served the writ and having told the garnishee that a judgment would be entered against him, unless he appeared and attended to the matter

The garnishee, on the other hand, remembers that an attachment was laid in the hands of the affiant and of his father, A. S. Abell, that he, the affiant, appeared to that suit and it was subsequently entered "off." He has no recollection that an attachment was laid in this case and does not believe it was, and denies that he had anything in his hands due to Riddle at that or any other time.

The burden of proof was upon the garnishee assailing the sheriff's return, and it was incumbent upon him to show by evidence of the most satisfactory character, that he had not been summoned, and it can hardly be said that his negative testimony ought to prevail against the sworn return of an officer, made in the regular discharge of his duty and in favor of which every presumption is to be made, and supported too by the positive testimony of the officer himself.

We are obliged therefore to say that the record shows the garnishee was summoned. He had his day in Court, and an opportunity of making his defence to the demands

of the plaintiff. If he failed to do so, the fault lies at his door, and the Court has no power after the term has passed to strike out the judgment. It is most desirable of course that there should be an end to litigation, and a judgment is presumed to be a settlement of all matters in dispute in that particular case; and once entered, parties are no longer under the necessity of preserving the evidences upon which their claims rested. By it new rights are required, and if stricken out other claims may intervene, and the plaintiff may not only lose his lien, but in many cases the entire debt. The garnishee denies he had anything in his hands liable to this attachment, and it is therefore a hard, very hard case, but to strike out this judgment on a motion made more than two years after it was rendered, and when it appears the garnishee was regularly summoned, would be to break down all safeguards which the law has so wisely thrown around judicial proceedings.

The order of the Court below overruling the motion to strike out the judgment, and to quash the execution thereon, will be affirmed.

*Orders affirmed.*

(Decided 27th June, 1878.)