PATRICK COONEY *et ux. vs.* I. MARSHALL LINCOLN.

PROVIDENCE—MARCH 22, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Contracts. Release.*

To an action of trespass on the case to recover damages for injuries received, the defendant pleaded a general release from the plaintiff ; to this plea the plaintiff replied that the release was obtained while she was suffering from the injuries received by her, and while she was under the influence of opiates and not in the possession of her full mental powers, and while she was incapacitated from making and executing a legal and valid contract or release. To this replication the defendant demurred, on the ground that it was not alleged that defendant had knowledge that plaintiff was under the influence of opiates and was not in possession of her full mental powers, and incapacitated from making a legal and valid release.

*Held*, the averment that plaintiff was incapacitated from making a valid contract is a conclusion of law.

(2) *Avoidance of Contract.*

In the absence of fraud it is not enough to avoid a contract that the person making it should be under the influence of opiates and not in the possession of her full mental powers. A contract made in these circumstances is voidable merely ; and if it is fair and has been executed so that the parties cannot be restored to their former position, and made with one ignorant of the other's condition as affected by opiates or lack of mental capacity, it will be binding.

TRESPASS ON THE CASE for negligence. Heard on demurrer of defendant to the third replication to the defendant's second plea in bar. Demurrer sustained and replication overruled.

(1)    MATTESON, C. J. This is an action of trespass on the case to recover damages for injuries alleged to have been re-

ceived in consequence of the negligence of the defendant's servant.

The defendant's second plea sets up a general release from the plaintiff to the defendant for the grievances in the declaration mentioned, and each and every of them, and all actions, causes of action, debts, dues, claims, and demands which the plaintiff had against the defendant.

To this plea the plaintiff replies, among other things, that the release was obtained from the plaintiff while she was suffering from the injuries received by her in her declaration mentioned, and while she was under the influence of opiates and not in the possession of her full mental powers, and while she was incapacitated from making and executing a legal and valid contract or release.

The defendant demurs to this replication on the ground that it is not alleged that the defendant had knowledge that the plaintiff was under the influence of opiates and was not in the possession of her full mental powers, and was incapacitated from making and executing a legal and valid release.

We think the replication is defective. The averment that the plaintiff was incapacitated from making and executing a valid contract is a conclusion of law rather than a statement of a fact, whether she was so incapacitated depending on the question whether or not her understanding had been so impaired by her sufferings and the influence of opiates as to render her incapable of understanding the nature and effect of the release. That her understanding had been impaired to this extent is not averred. In the absence of fraud, it is not enough to avoid a contract that the person making it should be under the influence of opiates and not in the possession of her full mental powers. A contract made in these circumstances is merely voidable ; and if it be fair, and has been executed so that the parties cannot be restored to their former position, and be made with one who is ignorant of the other's condition as affected by opiates or lack of mental capacity, it will be binding. *Molton* v. *Camroux*, 2 Exch. 487 ; *Matthews* v. *Baxter*, L. R. 8 Exch. 132 ; *Young* v. *Stevens*, 48 N. H. 133 ; *Seaver* v. *Phelps*, 11 Pick. 304 ; *Bates*

v. *Ball,* 72 Ill. 108 ; *Johns* v. *Fritchey,* 39 Md. 258 ; *Matthiesen &c. Co.* v. *McMahon,* 38 N. J. L. 537 ; Pol. Cont. 1 Am. ed. [406]. To constitute a sufficient answer to the release, therefore, the replication should aver either that the plaintiff's lack of mental capacity at the time of making the release was so great as to render her incapable of understanding the effect of the instrument, or, if her mental incapacity did not go to that extent, that the defendant had notice of her mental condition when he procured the release.

The demurrer to the third replication to the defendant's second plea is sustained and the replication overruled.

Case remitted to the Common Pleas Division for further proceedings.

*Gorman & Egan,* for plaintiff.

*Dexter B. Potter,* for defendant.