## PHILIP SHERWOOD vs. EDWARD MOHLER, et al., use of RICH'D MORRISON.

A motion to strike out a judgment of condemnation, not made until the lapse of nearly a year after the judgment was rendered, is, in the absence of fraud, surprise, or deceit in obtaining the judgment, too late; it should have been made during the term at which the judgment was rendered.

APPEAL from the Court of Common Pleas.

This appeal is from the refusal of the court below (MAR-SHALL) to strike out a judgment of condemnation against the appellant and to quash an execution thereon. An exception was taken to this action of the court below, and the facts of the case are fully stated in the opinion of this court.

By one of the rules of the Court of Common Pleas, which is embodied in the exception, it is declared that, "No execution shall be issued on any judgment until the fourth day after the entry of said judgment without a special order of court," and one of the reasons assigned in the motion for striking out the judgment of condemnation against the appellant and to quash the execution thereon, is, that the *attachment* on which that judgment was rendered, was issued, in violation of this rule, on the 10th of November 1856, on the very day the *final* judgment against Horney and Meads was entered up.

The sheriff's return to the attachment was, "laid in the hands of Philip Sherwood, on the 10th day of November 1856, &c., *in the presence* of Samuel B. Evans and Thos. W. Griffin," and another reason assigned in the motion to strike out and quash is, that this return was illegal, not being a *sworn return*, within the meaning of the Act of 1854, ch. 75. Another reason assigned for the motion is, that the judgment of condemnation against the appellant was obtained by deceit and surprise, but this was abandoned in argument in this court.

The cause was argued before LE GRAND, C. J., TUCK, and BARTOL, J., by *Coleman Yellott* for the appellant and *Robt. A. Morrison* for the appellee.

Sherwood *vs.* Mohler, *et al.*, use of Morrison.

*Note.*—The case having been decided by this court solely upon the ground that the motion was not made in time, the arguments of counsel as to the power of the Court of Common Pleas to pass the rule referred to in the proceedings and on other points, is omitted.

LE GRAND, C. J., delivered the opinion of this court.

This is an appeal from the refusal of the Court of Common Pleas to strike out a judgment against the appellant, and to quash an execution thereon.

The record shows that Mohler and others brought a suit in the Common Pleas against Thomas Horney and Henry Meads, and that Horney and Meads failing to plead, the usual judgment by default was entered against them on *September 9th*, 1856, but the amount of the debt, actually owing, was not assessed by the court until the 10*th day of November* 1856, on which day an attachment issued on the judgment. At the ensuing January term, (1857,) the sheriff made return, "laid in the hands of Philip Sherwood," &c. Sherwood failing to appear, the usual judgment of condemnation was entered against him, on the 13*th day of January* 1857. On the 16*th day of November* 1857, the judgment of condemnation was entered to the use of Richard Morrison, and on the 24*th day of November* 1857, a *fieri facias* issued thereon against Sherwood. On the 28*th day of December* 1857, Sherwood filed a motion, praying that the *fieri facias* might be quashed, and the judgment of condemnation on which it issued stricken out. It is from the order of the court overruling this motion that this appeal is taken.

Among the reasons assigned in support of the motion was one charging deceit and surprise in the procurement of the judgment, but this was abandoned at the argument, and is not therefore to be considered. And, apart from surprise, fraud or deceit, the motion was too late; it was not made until nearly the lapse of a year after the judgment of condemnation was rendered, when, according to the well established practice of this State, it should have been made during the term at which the judgment was given.

*Judgment affirmed.*

(Decided January 19th, 1860.)