(Decided 16th February, 1872.)

JAMES POST and FRANCIS O. BARRETT *vs.* THOS. BOWEN, Garnishee of JOHN T. TURNER and HENRY T. TURNER.

*Writ of Attachment — Clerical error — Laches — Practice — Remittitur — Judgment against Garnishee without an Inquisition.*

A writ of attachment was issued out of Baltimore City Court, and directed to the sheriff of Calvert county. The case was regularly placed upon

Post and Barrett *vs.* Bowen, Garnishee.

the docket of the Circuit Court for said county; the writ was served upon the garnishee, and he was summoned to appear; upon his failure to appear, judgment was entered against him and execution was issued thereon, and the sheriff returned, " Levied as per schedule and sold for $50." Two years after the judgment, the garnishee appeared and moved that it be stricken out, assigning as one of the reasons therefor, that it had been rendered by a Court having no jurisdiction of the case. This reason was based upon the language of the writ of attachment, which commanded the sheriff to whom it was directed, to return the same *"to the said Court to be held at the Court House in Prince Frederick on the first Monday of February next;"* and it was argued that because Baltimore City Court only had been before mentioned in the writ, the words, *" the said Court,"* necessarily imported Baltimore City Court; and this error rendered the subsequent proceedings void. HELD:

1st. That the error in the form of the writ was a mere misprision of the clerk, or at most only an irregularity, not going to defeat the jurisdiction, and did not render the proceedings in the Circuit Court *coram non judice.*

2d. That the garnishee having failed to appear and make his objection until two years had elapsed from the rendition of the judgment, his motion to strike out came too late.

Where a judgment of condemnation is erroneously entered for an amount greater than that claimed in the writ of attachment, a remittitur may be entered for the excess, and the judgment stands for the balance ; and the correction of the error in such manner furnishes no ground for im-
. peaching the judgment either on writ of error, appeal, or by motion.

Where a garnishee is summoned and fails to appear, a judgment of condemnation may be entered against him without an inquisition to ascertain the amount of his liability.

APPEAL from the Circuit Court for Calvert County.

The appeal in this case was taken from an order of the Circuit Court for Calvert county, of the 8th of May, 1871, directing the judgment of condemnation entered against the appellee, to be stricken out on his motion. The case is stated in the opinion of this Court.

The cause was argued before BARTOL, C. J., BRENT, BOWIE, GRASON and ALVEY, J.

*Frank. H. Stockett,* for the appellants.

*Joseph N. Wilson*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The appellants obtained a judgment against John T. Turner and Henry T. Turner in "Baltimore City Court," at September Term, 1868. A writ of *fieri facias* having been issued thereon and returned *nulla bona* by the sheriff of Baltimore city, a writ of attachment was issued thereon by the same Court, directed to the sheriff of Calvert county on the 20th day of January, 1869.

The case was regularly docketed against John T. Turner and Henry T. Turner on the 24th of January, 1869, for the February Term, 1869, of the Circuit Court for Calvert county, and the writ of attachment placed in the sheriff's hands, who returned the same to the February Term, 1869, as follows:

" Laid in the hands of Thomas Bowen January 30th, 1869, for debt, interest and costs, and garnishee summoned." The garnishee did not appear, and the case against him was continued to the May Term, 1869 ; the garnishee not appearing at that Term, a judgment of condemnation was entered against him ; and on the 14th of June following, a *fieri facias* was issued thereon and returned to the July Term next following, "*levied as per schedule and sold for* $50."

At May Term, 1871, the garnishee appeared by attorney, and moved to strike out the judgment, assigning in support of the motion two reasons :

1st. Because the writ of attachment was made returnable to Baltimore City Court, and not to the Circuit Court for Calvert county, and therefore the latter Court had no jurisdiction to render judgment of condemnation.

2d. Because the judgment of condemnation was erroneously entered for an amount greater than that claimed in the writ.

Whereupon a *remittitur* was filed by the plaintiffs' attorneys for the sum of $173, that being the excess of the judgment over the amount claimed in the writ of attachment.

There is no doubt that the *remittitur* was a full answer to the objection based upon the error in the amount for which the judgment had been entered, even if that objection had been made in due time, such errors may always be cured in that way, and when so corrected, they furnish no ground for impeaching the judgment either on writ of error, appeal or by motion.    It is the uniform practice for the Court to allow a party to release the excess, and the judgment stands for the balance.

The first reason assigned in support of the motion, is based upon the language of the writ of attachment, which commands the Sheriff of Calvert county, to whom it is directed to return the same, " *to the said Court to be held at the Court House, in Prince Frederick, on the first Monday of February next.*" And it is argued that because Baltimore City Court only had been before mentioned in the writ, the words " *the said Court* " necessarily imported Baltimore City Court; and that this error rendered the whole of the subsequent proceedings void ; that the judgment of, condemnation was rendered by a Court having no jurisdiction of the case, and ought to be set aside on motion made at any time thereafter.

To this proposition we cannot give our assent, the error in the form of the writ was a mere *misprision* by the clerk, or at most only an irregularity, not going to defeat the jurisdiction, and does not render the proceedings in the *Circuit Court coram non judice.*

The record shows that the case was regularly placed upon the docket of that Court, the writ was served upon the garnishee, and he was actually summoned to appear in that Court; and the writ was returned to the Circuit Court for Calvert county, which took cognizance of the case and acted upon it, without its attention being called to the clerical error in the form of the writ.

If the garnishee, in obedience to the summons, had appeared and made his objection in due time, he would have been heard, and if the defect alleged had been considered

really material or substantial, the writ would have been quashed. But having failed to appear and make his objection, until two years had elapsed after the judgment had been rendered, his motion comes too late. *Laches* and unreasonable delay are always fatal to motions of this character. *Kemp vs. Cook*, 18 *Md.*, 130; *Dorsey vs. Kyle*, 30 *Md.*, 512.

It has been argued for the appellee, that the judgment of condemnation was irregular and unauthorized, because there was no inquisition to ascertain the amount of the garnishee's liability. But in *Friedenrich vs. Moore*, 24 *Md.*, 296, it was decided that the failure of the garnishee to appear entitled the plaintiffs to the judgment *nisi*, which in such case, is a motion of course, and no inquisition is necessary. On this point we refer also to 13 *Md.*, 58; 13 *Md.*, 196; 14 *Md.*, 564; 17 *Md.*, 195; 17 *Md.*, 501, and *Evans' Practice*, 87, 99.

*Judgment reversed.*

(Decided 16th February, 1872.)