Louisa F. Seth and John H. Lowe, Executors of James M. Seth *vs.* Joseph E. M. Chamberlaine, Executor of Samuel T. Hopkins.

*Right of a Court to rescind its Order for the Removal of a cause—*
*Such Order need not be signed by the Judges.*

A Court has the right to rescind its order for the removal of a cause, during the term at which it is passed, and before the record is transmitted, and to allow the suggestion for removal to be withdrawn and the cause reinstated for trial.

Nor is it essential to the validity of an order for the removal of a cause, that it should be signed by the Judges of the Court. Like all other orders or rules in common law proceedings, it is evidenced as a regular entry in the cause, made under the authority of the Court, by the attestation or certificate of the clerk.

Appeal from the Circuit Court for Dorchester County. This suit was originally instituted on the 12th May, 1870, in the Circuit Court for Talbot county, by Samuel T. Hopkins, against the appellants, as executors of James M. Seth, to recover the sum of $10,000 for services alleged to have been rendered to their testator by the plaintiff. After various proceedings, which for the pur-

poses of this appeal need not be stated, John H. Lowe, one of the defendants, on the 15th of May, 1871, filed a suggestion and affidavit for the removal of the cause to some other Court in the same Circuit for trial, and thereupon the Court, on the same day, passed an order, which was entered upon the docket by the Clerk, directing a transcript of the record and proceedings, to be transmitted to the Circuit Court for Caroline county. On the following day, on motion of the defendants, and with the consent of the plaintiff, and by order of the Court, the case was re-instated upon the records of the Circuit Court for Talbot county; and on the 25th of the same month, the defendants, by leave of the Court, withdrew the suggestion and affidavit for a removal.

Other proceedings were had, and the case was continued to the November Term, 1871. On the 20th of November, 1871, John H. Lowe, one of the defendants, filed another suggestion and affidavit for the removal of the cause, and motion was made by his attorney for its removal to some Court out of the Circuit. This motion was resisted, and after argument, the Court ordered the cause to be removed to the Circuit Court for Anne Arundel county for trial; whereupon, the record was transmitted to the Clerk of said Court, and filed therein. On the 1st of May, 1872, upon the suggestion and affidavit of the plaintiff, the Circuit Court for Anne Arundel county ordered the record of proceedings in the cause to be transmitted to the Circuit Court for Dorchester county for trial; whereupon, the Clerk of the former Court transmitted to the Clerk of the latter, the original transcript of record, as received by him from the Clerk of the Circuit Court for Talbot county, together with the original suggestion and affidavit and order thereon, filed in the Circuit Court for Anne Arundel county, for removal to the Circuit Court for Dorchester county, but without any certificate under seal of the Clerk of the Circuit Court for Anne Arundel county, accom-

panying the same; that they were truly taken and copied from the record of proceedings in the last named Court.

At the November Term, 1872, of the Circuit Court for Dorchester county, the death of the plaintiff, was suggested, and his executor, the appellee, made party plaintiff. Subsequently, on the 30th April, 1873, the defendant, John H. Lowe, moved to dismiss the case, upon the ground that there was no transcript of the record and proceedings in the Circuit Court for Dorchester county, transmitted from the Circuit Court for Anne Arundel county, which motion the Court overruled; and on the 30th of July, 1873, upon the petition of the plaintiff, ordered the papers in the case to be returned to the Clerk of the Circuit Court for Anne Arundel county for correction and amendment.

The defendants excepted to the action of the Court in overruling the motion to dismiss, and in granting the petition of the plaintiff. On the 8th of August, 1873, the papers in the cause were transmitted to Anne Arundel, and on the 20th of the same month, the amended transcript was returned to the Circuit Court for Dorchester county; the case was subsequently set for trial at the April Term, 1874, of said Court; but on the 5th of January, 1874, the plaintiff moved the Court to remand the record of proceedings to the Circuit Court for Caroline county, for want of jurisdiction and authority in the Circuit Court for Talbot county to re-instate the said cause on its records, and to order the removal thereof to the Circuit Court for Anne Arundel county ; and for want of jurisdiction in the Circuit Court for Dorchester county to entertain, hear and decide the same. The Court thereupon, being satisfied that jurisdiction of the cause resided in the Circuit Court for Caroline county ordered on the 27th of January, 1874, that the record of the cause "as it came to this Court originally from the Circuit Court for Anne Arundel county, be and the same is hereby remanded to

Seth and Lowe, Exc'rs *vs.* Chamberlaine, Exc'r.

the Circuit Court for Caroline county." The defendants excepted and prosecuted this appeal.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

*Thos. W. Hall, Jr.*, for the appellants.

The question involved being one of jurisdiction, and having been decided adversely to maintaining the proceedings in the Court below, it is preliminary to all other questions, and the appeal is, therefore, rightly taken. See *Kimball vs. Harman & Burch*, 34 *Md.*, 406; *State, &c. vs. Gore*, 32 *Md.*, 498; *Price vs. Nesbitt*, 29 *Md.*, 264; *Griffin vs. Leslie*, 20 *Md.*, 15; *Wright vs. Hamner*, 5 *Md.*, 370; *Negro Jerry vs. Townshend*, 2 *Md.*, 275.

The first suggestion and affidavit for removal by the defendant did not oust the jurisdiction of the Court in Talbot. The right of removal—to change the venue—is given by the Constitution for the benefit of the party making the application. Circumstances may arise which may make this resort unnecessary or undesirable. The party asking for the removal may change his mind. By permitting him to withdraw his suggestion and affidavit, and revoking the order passed for his benefit, no harm is done, and convenience as well as justice may be promoted. In this case no formal order for removal appears to have been passed. No record was transmitted, no transcript made up for transmission; before anything was done the defendant changed his mind, and with the consent of the plaintiff the Court re-instated the cause. It is not a case in which there is no *locus pœnitentiœ* for Court or parties. *Manly vs. The State*, 7 *Md.*, 147-8; *Mayor, &c. vs. Co. Com'rs*, 19 *Md.*, 564.

The Act of 1874, chapter 94, in this respect, is declaratory only. In its preamble its purpose is shown to be the removal of all "*doubt*," as to the power of a Court

after passing an order for the removal of a cause, to enter-
tain a motion to strike out said order.   The only amenda-
tory features of the Act are the new conditions'inserted,
under which such power to strike out shall be exercised,
and the provision in regard to the payment of costs.   The
preamble of an Act may be properly looked to in explana-
tion of its scope and purpose ; it is a key to its construction
and to the mind of the Legislature.   *The Mayor, &c. vs.
Moore & Johnston,* 6 *H. & J.,* 382 ; *Canal Co. vs. R. R.
Co.,* 4 *G. & J.,* 1.

If the opposite view should prevail, and the control of
the Circuit Court in Talbot county over the cause, and
over its own *informal* order passed therein, but not ex-
ecuted, should be considered to have ceased from the
moment the transcript was directed to be sent to Caroline,
although never in fact transmitted, what shall be said of
all the subsequent proceedings in the cause—in Talbot, in
Anne Arundel and Dorchester—by which the cause has
been regularly advanced, issue joined and new parties
made, during a period of over three years?   Whence
arises the authority in the Circuit Court for Dorchester
county to remand a cause which, according to the theory
of its own order is *coram non judice* in that Court, to the
Court in Caroline?   Is it the province of the Court in
Dorchester to carry out the unexecuted order of the Court
in Talbot?   And what is the record which is to be trans-
mitted, if all subsequent proceedings in all Courts, from
the date of the first order of removal in Talbot county,
are nullities?   Further, if the record be *coram non judice*
in Dorchester, for the purpose of trial, was it not equally
so for the purpose of amendment?   And did not the Court
below err, therefore, in overruling the motion of the
defendant to dismiss the case, and in granting the petition
of the plaintiff to have the papers in the case returned to
the Clerk of the Circuit Court for Anne Arundel county,
for correction and amendment.

*Charles F. Goldsborough and Philip F. Thomas*, for the appellee.

The order passed by the Circuit Court for Talbot county, upon the suggestion and affidavit of the defendant, directing the transmission of a transcript of the record and proceedings in the cause to the Circuit Court for Caroline county, was valid, having been entered upon the docket by the Clerk, by the authority and direction of the Court while in session. It was not necessary that it should have been written out at length, and signed by the Judges. The Clerk is the amanuensis of the Court, and every entry made by him, under its direction, is the Court's order. The order, once passed, was not only valid, but final. It could not be rescinded, and it instantly ousted the jurisdiction of the Circuit Court for Talbot county, and clothed with jurisdiction the Circuit Court for Caroline county. It is true, that the defendant, at any time before the passage of the order for removal, might have withdrawn his suggestion and affidavit, but he could not do so, even by consent of the plaintiff, after that time. Consent of parties cannot confer jurisdiction, and the order of the Circuit Court for Talbot county, re-instating the case upon its records, was *coram non judice*, and void.

There may be circumstances arising during the progress of a cause, which render the resort to removal unnecessary, and, if no order for removal has been made, the party has a right to have his case heard, because up to that period the jurisdiction is complete and undisturbed, but if the order has been passed, the case is beyond the control of the Court passing it, and the Court to which the transmission of the record has been ordered, is instantly clothed with jurisdiction.

It is conceded that the Act of 1853, ch. 123, section 3, under which the order of removal in the case of *Brown vs. Gilmor's Executors*, 8 *Md.*, 322 was passed, provided " that the order of removal in any cause shall be final ; "

but this does not affect the question here at issue. There must, in the removal of causes, be some point of time at which the jurisdiction of one Court ceases, and that of the other begins; and the Act of 1853, ch. 123, did not fix that point. It merely provided that the order should be *final, i. e. irrevocable,* leaving it doubtful, in the absence of judicial decision, whether the transfer of jurisdiction was complete from the date of the order or from the date of the actual transmission of the record.

We find, therefore, that in the case of the *State vs. Manly,* which was applicable to the statute regulating the removal of causes generally, and not to the Act of 1853, ch. 123, the Court of Appeals rule that the suggestion and affidavit may be withdrawn *at any time before the passage of the order for removal,* leaving the clear implication *that it could not be done afterwards*; and in *Brown vs. Gilmor's Executors,* based upon the Act of 1853, ch. 123, the Court distinctly say that from the moment of the passage of the order, the jurisdiction is transferred. The ruling in both cases is substantially the same and is conclusive of the law in Maryland upon this subject as it stood prior to the Act of 1874, ch. 94, which was passed after this appeal was taken, and has therefore no applicability to the present issue. See also *Livermore, et. al. vs. Jenks, et. al.,* 11 *Howard's (N. Y.) Pract. Rep.,* 479.

The Circuit Court for Dorchester county, had full power and authority to order its Clerk to return the papers in the cause to the Clerk of the Circuit Court for Anne Arundel county, for correction and amendment; it manifestly appearing that the transcript was imperfect. *Code Pub. Gen. Laws, Art.* 75, *secs.* 79–80.

The Court below did not err in remanding the record to the Circuit Court for Caroline county. The record sent to Dorchester from Anne Arundel, was the *original transcript* made up by the Clerk of the Circuit Court for Talbot county, and it was this that was remanded to Caroline.

Where else could it go? It could not be sent back to Anne Arundel. It could not be sent to Talbot. The Dorchester Court had no jurisdiction to try the case. Caroline was the proper place for it, for the Circuit Court of that county alone, was invested with jurisdiction, and it was the duty of the Dorchester Court, finding itself in possession of a transcript of a record in a case which it had no authority to try, to remand it to the Court in which, upon inspection, it was manifest that it properly belonged.

ALVEY, J., delivered the opinion of the Court.

The principal question on this appeal is, whether the Circuit Court for Talbot county, by the first suggestion made for removal by the defendant, and the order thereon directing the record to be transmitted to the Circuit Court for Caroline county, so far ceased to have jurisdiction over the cause as to preclude it from exercising the power of rescinding its order and allowing the suggestion for removal to be withdrawn, and the cause reinstated for trial; for if that order for removal was rightfully rescinded, there is no question as to the legality of the subsequent removal to the Circuit Court for Anne Arundel county, and from thence to the Circuit Court for Dorchester county, from whose action in regard to its jurisdiction over the cause this appeal is taken.

It has been suggested in argument, that the order directing the transmission of the record to the Circuit Court for Caroline county, was not effective, because not signed by the Judges of the Circuit Court for Talbot county. But this suggestion is not well founded. There is nothing in the Constitution or the law to require such order to be signed by the Judges. It is, like all other orders or rules in common law proceedings, evidenced as a regular entry in the cause made under the authority of the Court, by the attestation or certificate of the Clerk. The order may be

signed by the Judges, as is sometimes done, but this is not an essential to its validity.

But notwithstanding the order was in all respects formal and valid, we think there should be no question of the right and power of the Court to rescind that order at the instance of the party upon whose application it was made, under the circumstances disclosed in the record.

The power of removal is intended as a privilege of the party making the suggestion for the order, and, like any other privilege, it can be waived, if the right of waiver be exercised under proper circumstances. Here, the motion for a rescission of the order and for leave to withdraw the suggestion for removal was made at the same term at which the order was passed, and while the record still remained in the Court passing the order; and this being the case, the principle is too well established to require the citation of authorities to support it, and is of every day's application in the practice of the Courts of this State, and elsewhere, that the Court retains power over its own judgments and orders, in both civil and criminal cases, during the term at which they are entered or made, and will, during that time, set them aside, or change or modify them, as circumstances may require. This being an undeniable proposition, we are unable to perceive any good reason why it should not apply to orders like that in question in this case, as well as to any other orders or judgments that may be entered by the Court. The only reason suggested for the distinction is, that by the making of the order for removal, all jurisdiction and power over the cause pass from the Court in which the order is made, and become vested in the Court to which the record is ordered to be transmitted. But it is an error to suppose that all jurisdiction and control of the Court over the cause and the record, cease the moment of the passage of the order for removal. From necessity it must retain power to determine as to what constitutes the record, and to enforce

the execution of the order of removal; and indeed its jurisdiction over the cause should continue until the jurisdiction of the Court to which the removal is ordered attaches upon receipt of the transcript; for otherwise great trouble and embarrassment might ensue.

There is nothing in the case of *Manly vs. The State*, 7 *Md.*, 135, inconsistent with this view of the subject. In that case no order for removal had passed when the application to withdraw the suggestion was made, and it was deemed to be clear, that the mere suggestion and affidavit of the party did not oust the Court of jurisdiction over the indictment, and in that state of the case the prisoner had the right to withdraw his suggestion for removal. Nor does the case of *Brown vs. Gilmor*, 8 *Md.*, 322, at all affect the question. There the order of removal from the High Court of Chancery to the Superior Court of Baltimore City was passed only two days before the former Court ceased to exist, by the Constitution of 1851, and the question was upon the effect of a *nisi* order of ratification passed by the Chancellor before the order of removal, and of the final order of ratification passed by the Superior Court after actual removal of the cause; and the Court determined that the removal was proper, and that both orders of ratification were regularly passed. The question there was quite different from that presented in this case.

There seems to have been some doubt entertained, whether, after an order for removal of a cause had passed, the Court passing the order could entertain a motion to strike out the order and reinstate the cause, and to remove all such doubt the Act of 1874, chapter 94, was passed. By that Act the power in the Court is fully affirmed; but its provisions do not apply to this case, as the order in question was made before the Act was passed.

The cause was properly in the Circuit Court for Dorchester county, and while that Court rightly refused to dismiss the case upon the motion of the defendants, but

remanded the record to the Circuit Court for Anne Arundel county for amendment, it was in error, upon the return of the record, in ordering its transmission to the Circuit Court for Caroline county. We shall, therefore, reverse the order appealed from, and remand the cause to the Circuit Court for Dorchester county for trial.

*Order reversed, and*
*cause remanded.*

(Decided 3rd December, 1874.)