## STATE OF MARYLAND *vs.* JOHN FRANCIS BUTLER.

*Criminal law—Striking out Judgment—Appeal—Sec. 286 of Art. 27 of the Code of Public General Laws.*

To an indictment for selling liquor to a minor in violation of a local law, the accused pleaded not guilty, and issue being joined, the case was tried before the Court without a jury. The Court found the traverser guilty, and sentenced him to pay a fine and the costs, and to stand committed until the same should be paid. On default in the payment of the fine, the traverser was committed to the custody of the sheriff, in whose keeping he remained for four days, when, during the term at which he was convicted and sentenced he was brought into Court, and by order of the Judge the judgment was stricken out. Thereupon, on the same day, a demurrer to the indictment was allowed to be filed, and judgment was given on the demurrer in favor of the traverser, and he was discharged. On writ of error it was HELD:

1st. That the action of the Court in striking out its judgment was a valid exercise of power, and being wholly discretionary, no appeal would lie therefrom.

2nd. That the judgment having been stricken out, the traverser was at liberty to proceed anew, either by pleading and going to trial on the facts, or by demurring to the indictment.

Section 286 of Article 27 of the Code of Public General Laws, providing that no "judgment upon any indictment for any felony or misdemeanor * * * shall be stayed or reversed * * * for any matter or cause which might have been a subject of demurrer to the indictment," in no way modifies or limits the power of the Court to set aside or change its judgments during the term at which they are entered.

APPEAL AS UPON WRIT OF ERROR, from the Circuit Court for Worcester County.

The case is stated in the opinion of the Court.

State *vs.* Butler.

The cause was submitted on briefs to ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Wm. Pinkney Whyte, Attorney-General,* for the appellant.

*George M. Upshur,* and *Clayton J. Purnell,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

It appears from an examination of the record in this case, that the defendant in error was indicted on the 29th of October, 1887, for selling liquor to a minor in violation of the local law of Worcester County, and that on the 23rd of May, 1889, he pleaded not guilty, issue was joined and the case tried before the Court without a jury.

On the same day the Court found the traverser guilty and sentenced him to pay a fine and costs, and to stand committed until said fine and costs should be paid. Default having been made in the payment of the fine, the traverser was committed to the custody of the sheriff of Worcester County, where he remained for four days, when, on the 27th of May, 1889, during the same term at which he was convicted and sentenced, he was brought into Court, and the said judgment and sentence were stricken out by order of the learned Judge below. Thereupon, on the same day, a demurrer to the indictment was allowed to be filed, and judgment was given on the demurrer in favor of the traverser, who was then discharged.

On the 15th July, 1889, the plaintiff in error filed a motion to set aside the said order of the 27th of May, and the subsequent proceedings thereunder, and to leave the case under the judgment of said Court passed on the 23rd of May, by which, as we have seen

the traverser was adjudged guilty and sentenced to pay a fine.

This motion was overruled. The case is before us on writ of error, and the only question presented is whether the Court below had authority to strike out its judgment under the circumstances above set forth.

The plaintiff in error contends "(1) that the Court had no authority to alter its proceedings in any manner after steps taken under the judgment of May the 23rd, and (2) that there was no motion filed for a new trial or in arrest of judgment, and, if there had been such motions, the Court could not have legally granted either of them."

In support of these positions section 286 of Article 27 of the Code of Public General Laws, and the cases cited by the Attorney-General in his brief are relied upon.

Ever since the passage of the Act of 1852, chapter 63, of which the section referred to is a codification, it has been held that "no judgment upon any indictment for any felony or misdemeanor, shall be stayed or reversed * * * for any matter or cause which might have been a subject of demurrer to the indictment." *Cochrane vs. The State, 6 Md.,* 405.

But we do not think that either this statute, or the cases cited, in any manner modify or limit the long established principle that Courts have power to set aside or change their judgments during the term at which they are entered. It is not necessary to cite numerous authorities to support this doctrine. In his work *on Judgments, section* 90, Mr. *Freeman* says: "The power to vacate judgments was conceded by the common law to all its Courts. This power was exercised in a great variety of circumstances, and subject to various restraints. The practice in the different States is, in many respects, so conflicting that few rules can be laid

State *vs.* Butler.

down as universally applicable. One rule is, however, undoubted. It is that the power of a Court over its judgments, during the entire term at which they are rendered, is unlimited."

The full extent of the control of Courts over their own judgments in both civil and criminal cases, during the term, is fully recognized by this Court in the case of *Seth & Lowe, Ex'rs vs. Chamberlaine, Ex'r*, 41 *Md.*, 194, in which Judge ALVEY delivering the opinion of the Court said: "The principle is of every day's application in the practice of the Courts of this State, and elsewhere, that the Court retains power over *its own judgments* and orders, *in both civil and criminal cases*, during the term at which they are entered or made, and will, during that time, *set them aside or change or modify them*, as circumstances may require." It follows of course, that no appeal or writ of error lies from an order of Court striking out its judgment during the term, because such action is entirely within the discretion of the Judge, who, in the exercise of such discretion is beyond the control of this Court.

The action of the Court below, therefore, in striking out its judgment was, we think, a valid exercise of power, and the case then stood as if no judgment had ever been entered.

Under these circumstances, the traverser was at liberty to proceed anew, and he had the right either to plead and go to trial on the facts, or to demur to the indictment. He adopted the latter course, and judgment on the demurrer was given in his favor.

No question is here raised as to the ruling of the Court on the demurrer, but it is contended that to allow a demurrer to be filed under the circumstances of this case was a violation of section 286, Article 27, above referred to. As we have already seen this section of the Code prohibits demurrers *after* judgment, but when

Cone *vs.* Cross.

the demurrer here was filed there was no judgment in this case.

Being of opinion that no error was committed by the Court below, its ruling will be affirmed, and the Writ of Error dismissed.

*Writ of Error dismissed.*