WRIGHT *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 13, October Term, 1949.]

*Decided December 7, 1949.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

**PER CURIAM.**

This is an application for leave to appeal from refusal of a writ of habeas corpus. Petitioner is imprisoned under sentence, by a Montgomery County justice of the peace, of two years for assault and battery. He alleges that the magistrate denied him "his rights to employ counsel to represent him in court or that the court appoint him counsel"; that he "was brought to trial within forty-eight hours from arrest without his rights of a preliminary hearing and was therefore denied the right to prepare his defense properly"; that he was arrested before a warrant was issued, and that the testimony did not support the charge in the warrant and the commitment because it showed no beating.

By appeal petitioner could have obtained a trial *de novo* and could have made all the contentions he now makes. His case cannot be retried on habeas corpus, and habeas corpus is not a proper remedy where appeal is available. *Loughran v. Warden of House of Correction*, 192 Md. 719, 64 A. 2d 712.

It is conceivable that even among the relatively minor cases tried before a magistrate, there may be exceptional cases where conviction has been had in disregard of the constitutional rights of the accused and like disregard of his rights may have prevented appeal, and thus the writ of habeas corpus is the only effective means of preserving his rights. *Olewiler v. Brady*, 185 Md. 341, 345, 44 A. 2d 807. No facts are alleged which remotely suggest any such exceptional case.

*Application denied, without costs.*