## KOHNEN *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No, 5, October Term, 1953.]

*Decided June 10, 1953.*

Before SOBELOFF, C. J., DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

This is an application of Joseph Frank Kohnen, Jr., for leave to appeal from the refusal of a writ of *habeas corpus* by Judge Murray of the Circuit Court for Baltimore County.

Petitioner, who is confined in the Maryland Penitentiary under a conviction by the Criminal Court of Baltimore, alleges that at the time the crimes of which he was convicted were committed he was a fugitive from

Spring Grove State Hospital, an institution for mental patients, having been committed there by order of Court after an examination by two psychiatrists. He says that it was not until after the crimes were committed that he was declared sane. He contends that he cannot be held legally responsible for acts which he committed after his escape from the hospital but while he was still under commitment as an insane person.

The Criminal Court found that petitioner was sane at the time the crimes were committed. The question of sanity is *res judicata* and cannot be retried in a *habeas corpus* proceeding. It is specifically held that a person convicted of crime cannot be released on *habeas corpus* on the ground that he was tried after his escape from an insane asylum, to which he had been committed by the court. If the court erred in sentencing an escaped insane patient, the remedy, if any, is by appeal, as *habeas corpus* is not available to correct errors and irregularities not affecting the jurisdiction of the court. *Myers v. Halligan,* 9 Cir., 244 F. 420.

*Application denied, with costs.*