## CZAPLINSKI *v.* WARDEN OF MARYLAND PENITENTIARY

[No. 9, October Term, 1950.]

*Decided October 5, 1950.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

MARBURY, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of Judge Sayler in the Baltimore City Court denying applicant the writ of *habeas corpus*.

Applicant was tried by a jury in the Criminal Court of Baltimore, found guilty of assault to rob with a deadly weapon, and on March 1, 1945, he was sentenced by Judge Dickerson to ten years in the Maryland House of Correction. There were four other cases against him, three for robbery with a deadly weapon, and another for assault to rob with a deadly weapon. In these cases he plead guilty and was sentenced in one of them to one year in the House of Correction, this sentence to run consecutively with the ten year sentence, and in each of the other three, he was sentenced to one year in the House of Correction, to run concurrently with the other sentences. As of March 1, 1945, therefore, applicant faced a total of eleven years in the Maryland House of Correction.

On August 2, 1945, Judge Clark, in the Circuit Court for Anne Arundel County, sentenced the applicant to seven years in the Maryland House of Correction for riot and assault, this sentence to run consecutively to the other sentences he was serving. At that time, therefore, he faced a total of eighteen years to be served in the House of Correction.

The records of the Criminal Court, which we have had certified to us, show that on August 9, 1947, the ten year sentence imposed March 1, 1945, was reconsidered and

stricken out by Judge Dickerson and the applicant was re-sentenced to six years in the Maryland Penitentiary. On the same date the one year sentence which was consecutive to the ten year sentence, was also stricken out, and in that case applicant was re-sentenced to one year in the Maryland Penitentiary, to runconsecutively with the new six year sentence. The record shows that the applicant was transferred to the Maryland Penitentiary at some period, but it does not appear exactly when. It may be inferred that he was there on August 9, 1947, which is the reason why the new sentences were to the Penitentiary rather than to the House of Correction. The result of the reconsideration on August 9, 1947, if it was a valid exercise of power, was that the applicant's time, counting from March 1, 1945, was reduced to three sentences, one of six years and one of one year respectively from Baltimore, and one of seven years from Anne Arundel County, making a total of fourteen years instead of eighteen.

Later, on December 2, 1947, Judge Dickerson reconsidered and struck out the six year sentence imposed on August 9, 1947, and resentenced the applicant to four years in the Penitentiary, this sentence to run concurrently with all four one year sentencse. As a result, the period which applicant was to serve under the Criminal Court sentences was reduced from the original eleven years to four years, and the total sentences, if this reduction was valid, which he would then have to serve would be four years from Baltimore City and seven years from Anne Arundel County, or a total of eleven years instead of eighteen. The effect of these reductions (if not the intention) was to exactly nullify the sentence of Judge Clark in the Anne Arundel County Court. There is nothing in the records of the Criminal Court of Baltimore to show why these reductions were made, nor do the docket entries show that any petition, motion, or application was filed in the Court asking for such a reduction.

All of the questions raised by the applicant have to do with the sentence imposed by the Circuit Court for Anne Arundel County. His right to raise any contentions on *habeas corpus* with respect to this sentence depends on whether he is now confined as a result of such sentence. *Bennington v. Warden,* 190 Md. 752, 59 A. 2d 779. *State ex rel. Thomas v. Warden,* 196 Md. 648, 74 A. 2d 830. If the reduction of the original sentences by Judge Dickerson was a valid exercise of his jurisdiction, then of course the Baltimore City sentences have been completed, and applicant is now held under the Anne Arundel County sentence. On the other hand, if Judge Dickerson had no authority to reduce the original sentences, and his subsequent actions were void, then the applicant is still serving the original sentences.

It is well established and has been the law in this state, from the earliest days, that a court retains power over its own judgments and orders *in both civil and criminal cases during the term* at which they are entered or made. *Seth v. Chamberlaine,* 41 Md. 186, 194; *State v. Butler,* 72 Md. 98, 18 A. 1105. This is also the Federal rule (*United States v. Benz,* 282 U. S. 304, 51 S. Ct. 113, 75 L. Ed. 354) although the great majority of the states which have ruled on the question do not follow it in criminal cases, holding that no change can be made after service of sentence begins. States so holding are Arizona, Arkansas, California, Colorado, Connecticut, Florida, Idaho, Illinois, Kansas, Louisiana, Maine, Massachusetts, Michigan, Montana, Missouri, Nebraska, New Jersey, New York, North Dakota, Oklahoma, Tennessee, Texas, Washington and Wisconsin.

After the expiration of the term, there are many decisions of this court that a judgment in *civil* cases cannot be changed or modified by the court entering it unless it is shown that there has been fraud, deceit, surprise or mistake. *Kemp v. Cook,* 18 Md. 130, 138, 79 Am. Dec. 681; *Sherwood v. Mohler,* 14 Md. 564; *Hall v. Holmes,* 30 Md. 558; *Loney v. Bailey,* 43 Md. 10, 16; *Sarlouis v. Firemen's Ins. Co.,* 45 Md. 241, 245; *Abell v.*

*Simon,* 49 Md. 318, 322; *Miller v. State,* 135 Md. 379, 382, 109 A. 104. These cases follow the doctrine laid down by the Supreme Court of the United States in *Bank of the United States v. Moss,* 6 How. 31, 12 L. Ed. 331, in which the Court, through Justice Woodbury discussed the question, and said that, after the end of the term, the power of the court was exhausted, and unless there was a question of correcting mere form, or the misprision of a clerk, or a clerical error, or some irregularity in notices, mandate, etc., no further action could be taken.

In criminal cases, where a sentence has been increased, either *during* or *after* the term in which the sentence was imposed, it is the general rule that the action of the court is void because the prisoner is placed in double jeopardy. Where the sentence has been *decreased after* the term, the reported cases we have been able to find which discuss the point hold that this is also beyond the power of the court, generally upon the ground that when a sentence has been passed, and has become enrolled, the jurisdiction of the court is concluded and the court has no further authority. Some cases have held that reducing a sentence after the term is a usurpation of the pardoning power which is not vested in the courts, *State v. Carlson,* 178 Minn. 118, 228 N. W. 173. Compare *United States v. Benz, supra,* which holds that a reduction during the term is an exercise of the judicial function and not the usurpation of the executive power to pardon.

In the case of *United States ex rel. Poch v. Hill, Warden,* 3 Cir., 71 F. 2d 906, 908, a prisoner serving his sentence, filed a petition for a writ of *habeas corpus* on the ground that the court had given him cumulative sentences on several counts in an indictment which charged the same offense. He also prayed the issuance of a *mandamus* to the trial judge directing him to annul one in each group of sentences. The Circuit Court of Appeals for the Third Circuit, assumed that the allegations were true, said that the remedy was not by *habeas*

*corpus* but by appeal, and then said, "But where, as here, no appeal has been taken and the term in which the judgment of sentence was imposed has expired, the trial court is without jurisdiction to enlarge, reduce or annul the sentences originally imposed and without jurisdiction to impose new ones." And having that "lack of inherent jurisdiction on the part of the trial court to annul the sentences imposed * * * we are constrained to affirm the order of the District Judge denying the petition of the relator for a writ of *habeas corpus* and to dismiss his petition for writ of *mandamus.*" *Certiorari* was denied in this case by the Supreme Court, 293 U. S. 597, 55 S. Ct. 120, 79 L. Ed. 690.

In *DeBenque v. United States,* 66 App. D. C. 36, 85 F. 2d, 202, 106 A. L. R. 839, a traverser was sentenced in the District of Columbia under an act which was not in force when the crime with which she was charged was committed. After she had served about 25 months of her sentence, she applied for a writ of *habeas corpus* to the United States District Court for the Eastern District of Virginia, in which district she was confined. The court discharged her, but remanded her to the custody of the United States marshal for the District of Columbia, in order that a proper sentence might be pronounced. Thereupon she was brought before the District Court, and a new sentence, less than the earlier one, and in accordance with the proper statute, was imposed. This action was taken in a term of court later than that during which the original sentences were imposed, and it was conceded that the original sentences should not have been imposed. The last sentence was appealed to the United States Court of Appeals for the District of Columbia, and that court held that, while it was a general rule that a court loses jurisdiction over a case at the end of the term at which judgment is entered, unless there is an express carrying over of the disposition of the case to a subsequent term, that rule does not apply if the judgment was originally void. That is because jurisdiction is not lost until the case is finally disposed

of by the imposition of a lawful sentence. *Certiorari* was denied by the Supreme Court, 298 U. S. 681, 56 S. Ct. 960, 80 L. Ed. 1402 and rehearing denied, 299 U. S. 620, 57 S. Ct. 6, 81 L. Ed. 457.

In *United States v. Mayer*, 235 U. S. 55, 35 S. Ct. 16, 19, 59 L. Ed. 129, an application was made in the United States District Court after the term to set aside a judgment of conviction for misconduct of a prosecuting attorney and of a juror. The court, with the consent of the United States Attorney, granted a new trial, and the question of the right to do so came eventually to the Supreme Court. Justice Hughes, who delivered the unanimous opinion of the Court denying the right said, "In the absence of a statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term." He mentions exceptions in civil cases, as to mere matters of form or clerical errors or mistakes of fact by writ of *coram nobis*.

Prior to the adoption of the new judicial Rules of Criminal Procedure, effective March 21, 1946, 18 U. S. C. A., United States courts could not entertain a motion for reduction of sentence after the term. *United States v. Claus*, D. C. 1946, 5 F. R. D. 278. The Federal rules introduced a time limit in lieu of the term of court. By Rule 35 it is provided that the court may correct an illegal sentence at any time, and may reduce a sentence within 60 days after imposition or after receipt of a mandate on appeal, or after receipt of an order of the Supreme Court denying *certiorari*.

The decisions in other jurisdictions seem to inquire, not so much whether the decrease is after the term, as whether it is after service of sentence has commenced. We have already listed the states holding the majority view that after the beginning of service, there cannot be a decrease in the sentence. Other jurisdictions, including the United States Courts, North Carolina, Ohio, West

Virginia and Georgia and Maryland (*State v. Butler, supra*) allow a decrease, even though execution has been entered into, provided the term in which sentence was pronounced has not expired. Some of the states have, however, held that no change can be made after the term without regard to the question whether or not the service of sentence has commenced.

In an old Illinois case (1874) the convicted man was re-sentenced after the term to make a number of ten day sentences run consecutively rather than concurrently. The court relied on the authorities at common law. It quoted from 1 Starkie, Crim. Pl. 262 that the rule is that during the term in which judgment is given, it remains in the breast of the court and the punishment may be varied, but after the term it becomes matter of record and admits of no alternative. 1 Chitty Crim. Law 721 is quoted as saying no court can make any alteration when once the judgment is solemnly entered on the record, and 1 Archbold Cr. Pr. & Pl. (Am. ed.) 186 for the statement that a sentence may be amended during the same term provided the sentence be not actually entered of record. The court also referred to *State v. Harrison*, 10 Yerg. (Term.) 542, and Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872. Following these authorities the court said of the second sentence "But the court had no power or jurisdiction at a subsequent term to make it." This was an *increased* sentence, but the decision was not based on double jeopardy. *People v. Whitson*, 74 Ill. 20.

In New York a man sentenced to life imprisonment as a fourth offender tried to *mandamus* the court five years later to resentence him as a second offender, claiming one of his prior convictions was for a misdemeanor and should not have been counted. There was no provision for increased punishment for a third offender, which he would have been had his contention prevailed, and he would not have been subject to life imprisonment. The Court of Appeals affirmed, without opinion, the decision of the Appellate Division, In re

Cedar, 240 App. Div. 182, 269 N. Y. S. 733, that any power on the part of the trial court to reconsider its earlier decision "ended with the termination of the term at which he (appellant) was thus sentenced". *Cedar v. Judges of Court of Gen. Sess.,* 265 N. Y. 620, 193 N. E. 414, 415.

In Pennsylvania the rule is thus stated, "A court may not legally resentence a criminal after the term is ended" and "Here the entry showed on its face that the additional sentence was imposed three months after the expiration of the term * * *. It is manifestly a nullity. Such a judgment is entitled to no authority or respect, and is subject to impeachment in *collateral proceedings* at any time by one whose rights it purports to affect". (Italics supplied.) *In re Moskowitz,* 329 Pa. 183, 196 A. 498, 502.

In one of the early Tennessee decisions it was stated "If it be true that judgment was rendered at the trial term, then it was beyond the power of the court to change that judgment at the next term, or even at the same term if the judgment be executed". *Whitney v. State,* 74 *Tenn.* (6 Les.) 247, decided 1880. See also *Auldridge v. Womble* (Ga. 1923) 157 Ga. 657, 120 S. E. 620, *In re Robinson,* 8 Ohio App. 391 and *State v. Carlson,* Minn., *supra* [178 Minn. 118, 228 N. W. 174]. In the last mentioned case the court said it was the settled "and apparently the universal rule". We are not aware of any decisions to the contrary. (See note in 168 A. L. R. 706.)

The precise question has not been decided by this court, although in one recent case it is noted. (*Thompson v. State,* 184 Md. 555, 556, 557, 42 A. 2d 113.) In that case the lower court held that it could not change a sentence after the expiration of the term, but there was no appeal from this ruling, so the point was not before us.

In the case of *Keane v. State,* 164 Md. 685, 166 A. 410, this court had before it a petition for a writ of *coram nobis* filed in the Criminal Court of Baltimore

by a man who had been convicted three years before and sentenced to ten years for robbery. The ground of the petition was that the prosecuting witness, who was the only person who had identified him at the trial, had subsequently admitted that he had been mistaken in his identification, and that there were two other witnesses to the crime who were unable to identify the petitioner but who were not called by the State as witnesses. The court examined the history of the writ, and said that it was not available as a remedy to correct the wrong complained of. The court also said it was unfortunate that there was no complete and adequate remedy for such a wrong, and suggested that the Parole Commissioner's Office was charged with the duty of investigating such a situation, and bringing to the attention of the Executive the result of his inquiry, in order that appropriate action might be taken. It may be inferred from this statement, that the court did not consider that the Criminal Court of Baltimore could strike out the judgment, for the reasons given, after the original term had expired. The lower court, in an opinion by Judge Frank, said that it had lost its power to set aside or alter the judgment because the term had long since expired, citing *United States v. Mayer, supra.*. Judge Frank further said that while it might be strongly contended that the court *should* have power to act, he concluded that such power and jurisdiction did not exist, and that the proper protection was to be found in an application to the executive branch of the government.

It is of course the duty of the relator on an application for *habeas corpus,* to show that he is unlawfully confined. In the case before us the claim is made that he is confined by the sentence of the Anne Arundel County Circuit Court, but in addition to that, it appears from the record that he is also under sentence from the Criminal Court of Baltimore, and that the original sentences given him in that court have not yet expired. Ordinarily a sentence cannot be collaterally attacked, but as a court has, in general, no authority to strike out or alter a

sentence, once imposed, after the expiration of the term, and a question of jurisdiction arises, we think it incumbent on the relator to show that the action of Judge Dickerson was within his powers. We cannot assume that he had a right to reduce the sentences in the face of the practically universal rule that his jurisdiction ended with the term after the original sentence was imposed, when it became enrolled. Since we cannot make that assumption we must conclude that the original sentences are still in force and that we cannot now consider the questions raised as to the subsequent sentence.

Under the Constitution of this State the Governor has the sole pardoning power (Constitution Article II, Section 20) and that is administered through the Division of Parole and Probation, which makes investigations and reports to the Executive. Article 41, Section 74 et seq. A method is thus provided by which injustices and errors of law or of fact can be corrected. (*Keane v. State, supra*). Whether the reduction of a sentence is an exercise of the pardoning power, as was held in Minnesota, or whether it may be a part of the judicial function, as the Supreme Court views it, at least during the term, the judges of the criminal courts of the State should not attempt to reassume a jurisdiction which they have lost, and to take upon themselves duties which the people and the legislature have placed elsewhere.

For these reasons the application will be denied.

*Application denied without costs.*