## MEEKINS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 10, October Term, 1953.]

*Decided November 5, 1953.*

Before SOBELOFF, C. J., DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

SOBELOFF, C. J., delivered the opinion of the Court.

The petitioner applies for leave to appeal from the refusal of Judge J. Howard Murray in the Circuit Court for Baltimore County to issue a writ of *habeas corpus*.

Having been tried and convicted before a trial magistrate in Dorchester County on a charge of reckless driving, and sentenced to serve a term of nine months in the House of Correction, Lloyd Meekins noted an appeal to the Circuit Court for Dorchester County. See Sec. 287 of Art. 66½, 1951 Code. He was released on bail pending the appeal.

The record shows that he was notified by the Court of the date set for the trial, and summoned to appear, although he denies such notice and summons. When the defendant failed to appear, Judge W. Laird Henry, Jr., dismissed his appeal and directed commitment as per sentence of the trial magistrate. Five days later the defendant was apprehended and brought before the Judge, who disbelieved the defendant's version of the reason for his non-appearance for trial. Upon application of the bondsman the bail forfeiture and the bench warrant were stricken out and the defendant was given one additional day to employ counsel to show cause why the commitment should not be ordered. When he refused to employ counsel, the Court reaffirmed the dismissal of the appeal and reissued the bench warrant.

A person charged with an offense may plead his own cause, without counsel if he prefers. Here the traverser had had the opportunity. The willingness of the Court to reopen the question was an act of discretion, if not of grace, and we find no impropriety or unreasonableness in his telling the defendant, "Your appeal was dismissed for a valid reason—your failure to appear. However, at your bondsman's request I will withhold execution

of the sentence if you will employ counsel who will be given an opportunity to offer reasons beyond those you have advanced and which I have found insufficient." The defendant has been denied no right of due process, and there is no basis for interference on *habeas corpus.*

*Application denied, with costs.*