## AGNER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 16, October Term, 1953.]

*Decided November 5, 1953.*

Before SOBELOFF, C. J., DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by Billy S. Agner for leave to appeal from the denial of a writ of *habeas corpus* by Judge John B. Gontrum, of the Circuit Court for Baltimore County.

The petitioner was tried and convicted in the Circuit Court for Washington County for forgery and sentenced to three years in the Maryland House of Correction. Attached to the record are docket entries which show that he was indicted on May 13, 1953; tried and convicted on a guilty plea on May 21, 1953; and was sentenced on

June 3, 1953. He complains first that the delay of two weeks between the day of his conviction and the passing of sentence constitutes cruel and unusual punishment. Under the provisions of Code, 1951, Article 27, Section 51, the punishment for forgery is not less than one nor more than ten years. If the two weeks which petitioner spent in jail are added to the sentence of three years, the total time does not exceed the maximum for the offense. *Baldwin v. Warden*, 201 Md. 657, 92 A. 2d 739. There is no law in this State requiring that a sentence shall date from the day the verdict is given. *Baldwin v. Warden, supra.* The Court of Appeals generally has no right to determine the penalty within the statutory limits. *Reid v. State*, 200 Md. 89, 88 A. 2d 478; *Baldwin v. Warden, supra.*

The petitioner also alleges that he was denied a speedy trial. There is nothing here to show that petitioner demanded a speedy trial. *Harris v. State,* 194 Md. 288, 297. A prisoner cannot be released on *habeas corpus* after conviction merely because his trial was improperly delayed. *Baldwin v. Warden, supra; Ruben v. Welch,* 4 Cir., 159 F. 2d 493.

Petitioner also complains that Judge Gontrum failed to state any reason why he denied the writ as required by Code, 1951, Art. 42, Sec. 5. It might be necessary to remand the case so that such reason or reasons might be supplied. However, from the record it appears that petitioner had formerly filed a petition for a writ with Judge Warnken on the same grounds as those in his petition to Judge Gontrum. Judge Warnken filed an opinion more or less along the lines of the opinion of this Court. Judge Gontrum evidently reached the same conclusion. As the record before us shows that petitioner is imprisoned lawfully, the reason for the court's action is apparent and it is unnecessary to remand the case for such an opinion. *Sisk v. Warden,* 190 Md. 759; *Kirby v. Warden,* 190 Md. 765.

*Application denied, with costs.*