JETT *v.* SUPERINTENDENT OF MARYLAND STATE REFORMATORY FOR MALES

[H. C. Nos. 14 & 22, October Term, 1955.]

634

*Decided February 17, 1956.*

Before Brune, C. J., and Delaplaine, Collins, Henderson and Hammond, JJ.

HAMMOND, J., delivered the opinion of the Court.

The petitioner in these applications for leave to appeal from the denials of the writ of *habeas corpus* by Judge Charles C. Marbury of the Circuit Court for Prince George's County, and Judge D. Kenneth McLaughlin of the Circuit Court for Washington County, respectively, has been released on parole by the Department of Parole and Probation since the applications were filed. Although much, if not most, of the authority is to the contrary (see cases collected in the annotation of 148 A. L. R. 1243), we will assume without deciding that a parolee has not lost the right to the writ. We are convinced that the petitioner is not entitled to its issuance on the merits.

The petitioner was tried before a magistrate for assault and battery, found guilty, and sentenced to six months imprisonment. He appealed to the Circuit Court for Prince George's County and was tried before a jury, who found him guilty of assault and battery. On May 2, 1955, Judge Marbury fined him $200.00 and costs and sentenced him to the Maryland State Reformatory for Males for an indeterminate sentence not to exceed one year, and placed him on probation. The petitioner signed a probation agreement which, among other things, provided, as the court had directed, that: (1) he would live a good, clean and honest life; (2) he would keep reasonable hours; (3) he would keep away from undesirable associates; (4) he would not drive a motor vehicle, other than that of his employer on business, without the permission of his parole officer. After repeated warnings, petitioner was brought to court on August 8, 1955 for violation of conditions of probation. He appeared with counsel. The probation officer reported that the violations consisted of his driving a motor vehicle not that of his employer, without permission, of his association with undesirables, particularly one James Sweeney, a recently released inmate of the Maryland State Reformatory for Males, and of being away from home late at night resulting in an automobile accident while he was

driving a forbidden automobile. Petitioner took the stand and admitted some of the violations of his probation, although he requested the opportunity to call witnesses to explain another, an incident at a filling station in the early hours of the morning in which he was involved. The court observed that the admitted violations were such as to show that petitioner had clearly violated the conditions of his probation and that the refutation of the service station incident therefore would be immaterial. The court struck out the suspended sentence of May 2, 1955 and ordered petitioner confined to the Maryland State Reformatory for Males for an indeterminate sentence not to exceed one year, and, as has been noted, petitioner later was released on parole.

The petitioner makes the following contentions: (1) that he is entitled to *habeas corpus* since the ordinary rule that this remedy is not available if the matters complained of could have been raised on appeal, cannot apply because there was no right of appeal from the judgment and sentence of the circuit court; (2) that the judgment was void because petitioner was tried at the same time as another defendant and the same jury decided both cases; (3) that the revocation of the suspension of the May 2 sentence on August 8 was void for lack of due process because no hearing, in the sense the law requires, was afforded petitioner; (4) that the judgment of the circuit court was unconstitutional and void because the offenses of assault or assault and battery are nowhere designated as offenses, either by the laws or Constitution of the State of Maryland or of the United States; (5) that the judgment of the circuit court of August 8 was void because petitioner had violated no law since he was placed on probation May 2; (6) that the judgments and sentences of May 2 and of August 8 both were void because the punishment was "harsh, cruel, and unusual under the circumstances for the minor offense, if any * * *" committed by petitioner; (7) that the circuit court erred in refusing to hold the sentence of May 2 void because

petitioner was charged with and tried for assault but sentenced for assault and battery; (8) that the judgment of the circuit court of August 8 was void because the sentence was not the same as that of May 2, but a new and greater sentence.

There is no merit in any of petitioner's contentions. He chose to be tried before a magistrate and then took the appeal to the Circuit Court for Prince George's County provided by Code, 1951, Art. 52, Sec. 13. Sec. 14 of Art. 52 explicitly provides that in such case, there is no further appeal to this Court. No right of due process of law or equal protection of the law, or any other constitutional guarantee, State or Federal, is infringed by such a judicial system. *McKane v. Durston*, 153 U. S. 684, 38 L. Ed. 867; *Mallett v. North Carolina*, 181 U. S. 589, 45 L. Ed. 1015; *Winkler v. State*, 194 Md. 1, *certiorari* denied, 339 U. S. 919, 94 L. Ed. 1343; *Givner v. State*, 208 Md. 1, 115 A. 2d 714; *Hendrick v. State*, 115 Md. 552 (in *Hendrick v. State*, 235 U. S. 610, 59 L. Ed. 385, the Supreme Court of the United States affirmed the judgment and sentence of the Circuit Court for Prince George's County which this Court refused to review). It is clear that both the magistrate and the Circuit Court for Prince George's County had jurisdiction of petitioner and the offense charged. This being so, it is equally clear that the judgment of the circuit court has the same effect and finality as if the case had been decided by this Court, at least as far as the test of the right to *habeas corpus* is concerned. In *Robb v. State*, 190 Md. 641, 651, it was said: "It has been frequently held by this Court that the Circuit Court, in hearing an appeal from a justice of the peace acted, not in the exercise of its ordinary common law jurisdiction, but as a court of special jurisdiction. Its judgment rendered within the limits of the special jurisdiction conferred upon it is not only binding but is final." In *Winegard v. Warden*, 194 Md. 699, 701, it was said: "A criminal case cannot be retried on *habeas corpus*. A judgment of a superior court of general juris-

diction, which has power to decide all questions involved in a case before it, including constitutional questions and questions as to its own jurisdiction, is not a nullity. In Maryland *habeas corpus* is not a proper remedy when a remedy by appeal is or was available and the judgment is not a nullity. *Loughran v. Warden,* 192 Md. 719, 64 A. 2d 712. Mere lack of a right of appeal in *forma pauperis,* certainly in the circumstances of the instant case, does not constitute an exception to this rule." See, too, *Superintendent v. Calman,* 203 Md. 414; *Givner v. State, supra.* Likewise, the fact that there is no appeal to the Court of Appeals from the judgment of the circuit court, sitting as an appellate court in an appeal from a magistrate, does not make that situation an exception to the general rule where the magistrate and the circuit court have jurisdiction, as they had in this case. See *Wright v. Warden,* 194 Md. 705. There, the petitioner for *habeas corpus* was imprisoned under sentence of a magistrate for assault and battery. The Court said: "By appeal petitioner could have obtained a trial *de novo* and could have made all the contentions he now makes. His case cannot be retried on *habeas corpus,* and *habeas corpus* is not a proper remedy where appeal is available." See also *Walker v. Warden,* 195 Md. 717; *Mezick v. Wright, Warden,* 193 Md. 702; *Meekins v. Warden,* 203 Md. 655. Because the circuit court, and not this Court, decided adversely to petitioner the contentions he seeks now to make, the rules that a criminal case cannot be retried on *habeas corpus* and that matters which could have been, or were, decided on appeal may not be decided on *habeas corpus,* are not different.

We turn to the other contentions made. The record shows that the petitioner, through his counsel, requested the consolidation of his case and that of the other defendant and shows that at no time was there any objection to the joint trial. The complaining witness against petitioner was also a complaining witness against the other defendant. There is no substance whatever

to the contention that the trial so had made the result a nullity. The point that the offense with which petitioner was charged is not designated as an offense by the statutes of Maryland or by the Constitution of the United States and that the sentence was so excessive as to be void, falls before the obvious answer that assault and assault and battery are common-law crimes and that neither under the common law nor by statute is there a limit to the penalty, save that it cannot be cruel and unusual within the meanings of the Constitutions. *Roberts v. Warden,* 206 Md. 246. It is clear under the cases that a sentence of one year is not cruel or unusual. *Heath v. State,* 198 Md. 455; *Apple v. State,* 196 Md. 661. The severity of a legal sentence cannot be questioned on *habeas corpus. Agner v. Warden,* 203 Md. 665; *Owens v. Warden,* 190 Md. 737; *Hooper v. Warden,* 190 Md. 723.

To the petitioner's complaint that he was charged and tried for assault but sentenced for assault and battery, the answer is that the docket entries show that he was charged with and tried for assault and battery, and the court's opinion also indicates this to have been true. See *Kohnen v. Warden,* 202 Md. 658.

The contentions as to the invalidity of the sentence of August 8, which revoked the suspended sentence of May 2, need not detain us long. The petitioner in open court, through his counsel, admitted violating some of the conditions of his probation. A formal trial is not required on the inquiry of whether or not the conditions of probation have been violated. In *Murray v. Swenson,* 196 Md. 222, the Court said: "We make it plain that this does not mean that the grantee of a conditional pardon who is accused of violating its conditions is entitled to a trial in any strict or formal sense. The demands of due process will be satisfied if he is extended a reasonable opportunity to defend himself against the charge that he has violated the conditions upon which his pardon was granted. *Fleenor v. Hammond,* 6 Cir., 116 F. 2d 982, 986, 132 A. L. R. 1241, 1247." We doubt not that petitioner was given the required opportunity

to defend himself nor that the admitted violations justified the revocation of the suspension of sentence.

There is nothing to the point that the sentence of August 8 was greater than the original sentence of May 2. All that was done was to reinstate the original sentence and, as we have noted, the petitioner now is not serving the sentence.

*Applications denied, with costs.*