## CARROLL *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 26, October Term, 1950.]

*Decided April 11, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

MARKELL, J., delivered the opinion of the Court.

This is an application for leave to appeal from denial of a writ of *habeas corpus.* Petitioner is imprisoned under sentence, on May 11, 1949, of "five years from March 17, 1949" for larceny and ten years, "consecutive with" the former, for manslaughter. He was indicted for robbery with a deadly weapon and for murder. He was tried under both indictments at the same time, before the court without a jury, and was found not guilty of robbery, but guilty of larceny, and not guilty of murder, but guilty of manslaughter. He was represented by counsel at the trial. There is no allegation of facts indicating violation of any fundamental rights. He alleges that (*a*) the two indictments were improperly tried together, (*b*) he was improperly convicted of larceny under a robbery indictment and of manslaughter under a murder indictment, (*c*) he was subjected to double jeopardy and double punishment by conviction of both larceny for stealing from the man killed and manslaughter for killing him, and (*d*) in some way, the consecutive sentences were unlawful or the docket entries are erroneous.

Petitioner has applied to a number of judges, state or federal, for a writ of *habeas corpus*. Several judges granted the writ and after hearing remanded petitioner. Judge Chesnut denied the writ. Appeal dismissed, *Carroll v. Swenson*, 4 Cir., 180 F. 2d 579; *certiorari* denied, 339 U. S. 971, 70 S. Ct. 992.

As neither of petitioner's sentences has expired, any question as to their consecutive operation is premature. *Hirons v. Warden*, 196 Md. 679, 76 A. 2d 162; *Czaplinski v. Warden*, 196 Md. 654, 75 A. 2d 766. If we assume that a sentence of "four years, ten months and six days" would be bètter form than "five years from March 17, 1949", the legal effect is precisely the same, and a sentence in the latter form is not unlawful or void.

The short answer to all petitioner's other contentions is that all could have been raised by appeal, and cannot be raised by *habeas corpus*. *Loughran v. Warden*, 192 Md. 719, 64 A. 2d 712.

*Application denied, with costs.*